## SHUE v. CHIZUM ET AL.

[No. 11,825. Filed April 8, 1924.]

1. MORTGAGES.—*Priorities as to Other Liens.—Judgments Against Mortgagor.—Executions in Hands of Sheriff.*—A sale under a decree of foreclosure of a mortgage relates back to the date of the execution of the mortgage, and a purchaser of the property at such sale takes it subject only to liens prior in point of time to the mortgage, and any residue of the proceeds of sale left after the payment of the mortgage debt becomes impressed with subsequent liens in the order of their priority, a subsequent mortgage being prior to judgments against the mortgagor rendered after the mortgage was executed, although executions thereon were in the hands of the sheriff at the time of the sale. p. 369.

2. MORTGAGES.—*Priorities.—Second and Third Mortgages and Other Liens.*—On the foreclosure of a second mortgage, the decree provided that, after satisfying the mortgage, the residue be paid to the clerk of the court for distribution as the court should direct; after the sale, the holder of a third mortgage procured the redocketing of the foreclosure proceeding and filed a cross-complaint asking that the court direct the sheriff to apply the residue upon the debt secured by his mortgage in preference to being applied upon three executions then in the hands of the sheriff, but which had been issued on judgments against the mortgagor recovered after the execution of such third mortgage, *held* that the holder of the third mortgage was entitled to have the amount of the mortgage debt paid out of the proceeds arising from the sheriff's sale before any part thereof should be paid on the judgments (*Bunch* v. *Grave*, 111 Ind. 351, distinguished). p. 370.

From Newton Circuit Court; *George A. Williams,* Judge.

Action by the Farmers' State Bank of Morocco against Joseph Chizum, the holder of a third mortgage, Lura Shue and others to foreclose a mortgage. Judgment for plaintiff foreclosing his mortgage and ordering sale of the mortgaged land. After the sale, the defendant Chizum procured the redocketing of the foreclosure proceeding, and filed a cross-complaint asking

that the sheriff be directed to apply the residue, after satisfaction of the judgment, on his mortgage debt in preference to executions on other judgments against mortgagor. Judgment for cross-complainant, and defendant Shue appeals. *Affirmed.*

*T. B. Cunningham* and *Hanley & Hanley,* for appellant.

*Fraser & Isham,* for appellees.

McMAHAN, J.—Fred Camblin being the owner of certain real estate placed three mortgages upon the same. The Farmers State Bank of Morocco, the holder of the second mortgage, commenced its action for foreclosure, making Joseph Chizum, the holder of the third mortgage, and certain other junior lienholders defendants. This foreclosure proceeding resulted in a judgment and decree foreclosing the mortgage and ordering the property sold. An order of sale was issued and the sheriff sold the real estate to appellee Joseph Chizum for $5,000. After satisfying the judgment, there remained in the hands of the sheriff $1,717.56, which, according to the decree of foreclosure, the sheriff was required to pay to the clerk of the court for distribution as the court should direct.

On motion of Chizum, the foreclosure proceeding was redocketed, after which he filed what is denominated a cross-complaint asking that the court direct the sheriff to apply the residue upon the debt secured by his mortgage in preference to being applied upon three executions then in the hands of the sheriff and which had been issued on judgments which appellant had recovered against Fred Camblin after the execution of the mortgage held by Chizum. There were other judgment lienholders, but as no question is raised as to the order in which they should be paid, no further reference need be made to them.

The court found there was due Joseph Chizum, on account of his mortgage $1,431.52; that there was due appellant on a judgment in her favor against Fred Camblin and Frank Billings $387.75; that there was due her $153.96 on a judgment against Fred Camblin, and $629.12 on a judgment against Fred Camblin and Louis Camblin, and ordered that the clerk first pay Joseph Chizum the amount secured by his mortgage and that the balance be paid *pro rata* on the several judgments held by appellant.

The three judgments in favor of appellant are dated January 26, 1923. Executions were issued upon each of these judgments and delivered to the sheriff prior to the foreclosure sale and were in his hands at the time of such sale.

The mortgage to Mr. Chizum was given to indemnify and save him harmless from having to pay a note of $1,382.40, on which Fred Camblin was principal and Chizum surety. The payee of that note is not named in the mortgage, but the evidence shows that one Swanson was the payee and that thereafter Chizum executed his individual note to Swanson and took up the note which he had signed as surety for Camblin.

Appellant contends first that the liens of her several judgments were prior in point of time to the sheriff sale, and that such sale was made subject to all prior liens. This contention cannot prevail.

1. The sale under the decree of foreclosure related back to the date of the execution of the mortgage which was the basis of the decree, and Mr. Chizum, when he purchased the property on the foreclosure sale, took it subject only to liens prior in point of time to the second mortgage.

The proceeds arising from the foreclosure sale after the payment of the second mortgage became impressed

with the liens of the several lienholders in the order of their priority. Mr. Chizum, a surety, having taken up and paid the note secured by the third mortgage with his individual note was entitled to have the amount then owing him on that account paid to him out of the proceeds arising from the sheriff's sale before any part thereof should be paid on the judgments held by appellant.

*Bunch* v. *Grave* (1887), 111 Ind. 351, cited by appellant is not in point. There Augustus Bunch, his wife joining, had executed two mortgages upon real estate of Mr. Bunch to secure the payment of debts owing by him. Grave being the holder of judgments against Bunch, which were junior to the mortgage liens, caused the mortgage lands to be sold on execution to satisfy his judgments. No redemption having been made, he procured a sheriff's deed. Later, in an action for partition, a one-third interest in the real estate was set off to Mrs. Bunch. The value of the land set off to Grave was $3,000, while the mortgage liens amounted to only $1,542.35. It thus appearing that the real estate set off to Mr. Grave being more than sufficient to pay off and discharge the mortgage liens, it was held that the land set off to Mrs. Bunch should be discharged from the liens of the mortgages. The right of Mrs. Bunch to have the two-thirds of the real estate first exhausted before selling her one-third interest was superior to the liens of the executions under which the land was sold to Grave. In the instant case, the decree of foreclosure under which Mr. Chizum purchased the land was superior to the judgment liens of appellant. The indemnifying mortgage held by him was also superior to these judgment liens. The court committed no error in holding that the amount due appellee Chizum was prior to the judgments of appellant.

Judgment affirmed.