### ARNOLD v. HABERSTOCK ET AL.

[No. 26,928. Filed October 25, 1937. Rehearing denied December 20, 1937.]

*Robert A. Beehler,* for appellant.

*Heaton, Sheffer & McClain,* for appellees.

ROLL, J.—On July 8, 1931, appellant filed her complaint in the Superior Court of Allen County, Indiana, against Mathilda Haberstock and Anton Haberstock on a promissory note and to foreclose a real estate mortgage of same date given to secure such note. The Haberstocks appeared and filed a special answer of

partial payment, and on December 2, 1931, judgment was rendered against Haberstock and Haberstock for the sum of $4,745.00 and $402.75 attorney fees, plus costs, and decreed a foreclosure of the mortgage. Thereafter, on December 31, 1931, the real estate described in the mortgage was duly sold by the sheriff of Allen County, and appellant became the purchaser at said sale, bidding therefor the amount of her said judgment, and received from the sheriff of Allen County a certificate of purchase. On January 16, 1932, appellant filed her verified application in said Superior Court of Allen County to vacate and set aside the judgment and the decree of foreclosure and the sale had thereunder, on the ground that junior lienholders had not been made parties.

Haberstock and Haberstock were served with summons and appeared in person and by attorney, and filed answer in general denial. Upon the hearing before the court on January 20, 1932, the prayer of the petition was granted and the court rendered judgment setting aside its judgment of December 2, 1931, against the defendants Haberstock and Haberstock and the decree of foreclosure of the plaintiff's (appellant herein) mortgage and the sheriff's sale had thereunder, and declared the judgment, decree and all proceedings had by virtue thereof null and void and of no force and effect, as if said judgment, order of sale, and decree of foreclosure had never been entered. The judgment also decreed that the sheriff's sale under the decree was null and void and that the certificate of title issued to the purchaser was set aside and to be null and void and of no force and effect. After the above decree was entered, appellant, on January 25, 1932, filed an amended complaint against Mathilda Haberstock, Anton Haberstock, The P. & H. Supply Company, Lincoln National Bank and Trust Co., a national banking

corporation, Martin F. Schick and Fred Wehrenburg. This complaint was the same as the original complaint against Haberstock and Haberstock, on the promissory note and to foreclose the mortgage on the real estate described therein and which was given to secure the payment thereof. The other defendants were made parties as holders of junior liens on the real estate involved. The defendants Martin F. Schick and Fred Wehrenburg were defaulted. The other appellees entered their appearance and filed answers. Appellee Lincoln National Bank filed answer in general denial and also a cross-complaint, but no question is presented involving the Lincoln National Bank and no further notice will be given its pleadings.

The appellee P. & H. Supply Company filed its answer in general denial. It also filed a cross-complaint wherein they set up a judgment taken by it against the defendants Haberstock and Haberstock in the Superior Court of Allen County, Indiana, Room No. 2, on the 19th day of May, 1931, for the sum of $1,587.05 and costs. It was further alleged and set out in this cross-complaint all the previous court proceedings mentioned and further alleged that the note and mortgage of appellant was merged in the judgment, and that the sale of the mortgaged real estate and the purchase at said sale by appellant for the full amount of her judgment and cost, including the cost of the sale, the receipt executed by her to the sheriff for the full amount of her judgment, was a full satisfaction and payment of her judgment. The cross-complainant further alleged that the order of the Allen Superior Court setting aside its judgment on foreclosure was as to this cross-complainant null and void and of no force and effect, because the appellee P. & H. Supply Company was not made a party to the proceeding to set aside and had no notice thereof, and by reason of the above facts the cross-complain-

ant's judgment became a first lien upon the real estate herein described and asked the court to so find.

This cross-complaint was answered by an answer in general denial and six special answers, which are not material to the question here presented.

There was a request for special findings and conclusions of law.

The evidence was stipulated and is uncontradicted.

The court in substance found the facts as above enumerated and as alleged in the amended complaint and cross-complaint and set out in full all the pleadings, orders and judgments made in this cause and recited in detail the various proceedings concerning the sheriff's sale and the sheriff's return; the receipt given to the sheriff by the purchaser, Celia Arnold, the execution of the certificate of sale, the certificate of sale and found that the same has ever since been retained by appellant.

The court further found that the P. & H. Supply Co. did, on May 19, 1931, obtain a judgment against Haberstock and Haberstock in cause No. 3013, in Superior Court No. 2, of Allen County, for the sum of $1,587.05 and cost and that the same was recorded in judgment record, etc., and that the same was due and unpaid and constituted a lien upon the real estate described in plaintiff's complaint.

Upon the facts found the court stated the following conclusions of law:

"1. That the law is with the defendant and cross-complainant, The P. & H. Supply Company.

"2. That the plaintiff is not entitled to have her mortgage foreclosed and takes nothing in this action.

"2A. That the plaintiff by her foreclosure of her mortgage in the Superior Court of Allen County, Indiana, on the 2nd day of December, 1932, is the holder and owner of a valid certificate of purchase from the sheriff of Allen County, Indiana, and will

be entitled to a deed to the premises and real estate described in said certificate of purchase and said mortgage so foreclosed from said sheriff of Allen County, Indiana, on and after the 31st day of December, 1932, being the date of the expiration of the year of redemption, provided prior to that time no person entitled to redeem shall have redeemed from the sale of said sheriff.

"Subject to the judgment lien of the P. & H. Supply Company.

"3. That the defendant and cross-complainant, The P. & H. Supply Company, has a first and prior lien against the real estate described in plaintiff's complaint by virtue of its judgment in the sum of fifteen hundred eighty-seven and 05/100 dollars and costs and interest at rate of 6 per cent per annum from May 19, 1931.

"4. That the defendant Lincoln National Bank and Trust Company take nothing in this action.

"5. That the defendant Martin F. Schick take nothing in this action.

"6. That the defendant Fred Wehrenburg take nothing in this action.

"7. That the defendant and cross-complainant the P. & H. Supply Company, have its costs in this cause and same are assessed against the plaintiff."

The judgment was rendered in accordance with the conclusions of law.

Appellant excepted to the conclusions of law upon the facts found and filed her motion for a new trial, which was overruled with exceptions. Appellant perfected her appeal and appellee filed a verified motion to dismiss the appeal wherein it is made to appear that in January, 1933, after the judgment herein appealed from was entered, appellant presented her certificate of title to the sheriff of Allen County and received a sheriff's deed for the real estate described in her mortgage, placed the same of record and also instituted a suit for possession against Haberstock and Haberstock which was afterwards dismissed at the cost of defendants, and appellee says that it is informed and believes appellant is in possession of the real estate.

For the above reasons appellee urges the dismissal of the appeal. Appellee relies upon the rule of law to the effect that a party cannot accept the benefit of an adjudication and yet allege it to be erroneous. *Sterne* v. *Vert et al.* (1886), 108 Ind. 232, 9 N. E. 127, and cases there cited. It is also well settled that a party to a judgment impliedly waives his right to appeal therefrom if he voluntarily acquiesces in or recognizes the validity of such judgment or otherwise takes a position which would be inconsistent on any theory other than the validity and binding force of the judgment. See *Poffinbarger* v. *Sumner* (1917), 186 Ind. 597, 117 N. E. 646, and cases cited. These rules of law are well established in this state and we recognize them to be sound. But we do not think the facts in the present case come within the rule above announced. The appellant accepted no benefits under the judgment herein. The certificate of sale issued to her and which she presented to the sheriff of Allen County at the end of the year of redemption was under and by virtue of the judgment of the Allen Superior Court in the original suit to foreclose, and not under the judgment of the Whitley Circuit Court, from which judgment she prosecutes this appeal.

Whether the judgment of the Allen Superior Court setting aside the judgment of foreclosure in favor of appellant was void, erroneous or valid and binding between the parties was no concern of the appellee P. & H. Supply Company. They were not a party to the proceedings in any way. They were in no position to except or object to the judgment and were in nowise affected thereby. *Hibben-Hollweg & Co.* v. *Western, etc., Life Ins. Co.* (1930), 90 Ind. App. 683, 169 N. E. 693. It is clear that the judgment of the P. & H. Supply Company was junior to the mortgage of appellant. The undisputed evidence shows that appellant's mortgage was executed on March 2nd, 1927, and

was duly and properly recorded and was a valid and existing lien at the time appellee P. & H. Supply Co. obtained its judgment on May 19, 1931. By the original complaint to foreclose appellant's mortgage Haberstock and Haberstock were the only defendants, and therefore the judgment lien of the P. & H. Supply Company could in no way be changed or affected. Neither could the foreclosure sale had under the original judgment change their respective positions.

After the sale by the sheriff and the purchase of the real estate by appellant, the appellee P. & H. Supply Co. could have had execution issued on its judgment and a sale by the sheriff, subject to the first lien of appellant. *Shue* v. *Chizum et al.* (1924), 81 Ind. App. 367, 143 N. E. 373; *Hibben-Hollweg & Co.* v. *Western, etc., Life Ins. Co., supra.*

The case of *Holmes et al.* v. *Bybee et al.* (1870), 34 Ind. 262, one of the early cases very fully and ably defines the rights of senior and junior lienholders upon foreclosure. This case has been cited and followed in this state ever since and seems to be the well settled law in Indiana now. *Cummings et al.* v. *Pottinger* (1882), 83 Ind. 294. It seems to be appellee's position that because it was not made a party to the original foreclosure suit, and because appellant, the mortgagee, became the purchaser at her own foreclosure sale that her mortgage became merged into the judgment and that when the judgment was satisfied by the sale of the property that such a sale and receipt of the judgment extinguished her lien and, therefore, appellant's lien having been extinguished, appellee's judgment became a first and superior lien on the real estate. A reading of the above cited cases will explain the fallacy of appellee's position. There are no facts appearing in this record that would in any way make the judgment of the P. & H. Supply Co. superior to the

mortgage of appellant and therefore the court committed reversible error in its 1st, 2nd, 2A, and 7th conclusions of law.

Appellee's motion to dismiss is overruled, and the judgment herein reversed with instructions to the trial court to restate its 1st, 2nd, 2A, and 7th conclusions of law in conformity with this opinion and enter judgment for appellant accordingly.

### On Rehearing.

ROLL, J.—By a petition denominated a petition for rehearing appellee P. & H. Supply Company has called to our attention conclusion of law No. 3, which was stated as follows:

"That the defendant and cross-complainant, The P. & H. Supply Company, has a first and prior lien against the real estate described in plaintiff's complaint by virtue of its judgment in the sum of Fifteen Hundred Eighty-seven and 05/100 Dollars and costs and interest at rate of 6 per cent per annum from May 19, 1931."

and points out that this conclusion is inconsistent with the original opinion herein, and the mandate of this court should have directed a restatement of this conclusion. We agree with the appellee's suggestion, and the trial court is hereby directed to restate the third conclusion of law in conformity with this opinion.

We do not think a new trial is necessary.

The P. & H. Supply Company, by its cross-complaint, asked the trial court to hold the original judgment of foreclosure of appellant's mortgage and the sale had thereunder valid; and to hold that the subsequent action of the Allen Superior Court in setting aside the original judgment of foreclosure and the sale had thereunder to be void and of no force or effect. The trial court found for appellee upon its cross-

complaint, and held that the subsequent action of the Allen Superior Court was of no force or effect and that appellant's certificate of title, issued by the sheriff of Allen County, was a valid certificate. Having induced the court to so hold, appellee is in no position now to urge that appellant's deed issued upon surrender of the certificate adjudged to be valid, does not vest a good and sufficient title to the real estate described therein in appellant. The P. & H. Supply Company has no interest in the original proceedings. They were not made parties to the same and hence its rights could in no way be affected. The only purpose appellee could have had in filing its cross-complaint was to establish the priority of its judgment over the mortgage lien of appellant. Since we have determined this question against appellees the status of appellant's title under the sheriff's deed is of no concern to it. Appellee P. & H. Supply Company is entitled to have execution issued upon its judgment and to have the real estate sold subject to appellant's mortgage and if it sells for more than enough to pay appellant what is due her under her mortgage and the costs, the residue is to be applied upon its judgment. This right appellee has had all the time, and the proceeding had in this cause has not added to nor taken away this right.

Petition for a rehearing denied.