IN THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1854, IN THE THIRTY-
NINTH YEAR OF THE STATE.

---

### MILLER *v.* SNYDER.

A judge of the Court of Common Pleas may, under the R. S. 1852, grant the
writ of *habeas corpus* to a prisoner detained in the state prison under sen-
tence for a felony.

If the detention of the prisoner is illegal, it is the duty of the judge to deliver
him therefrom.

The detention is illegal, if by virtue of the judgment and sentence of a Court
which had no jurisdiction of the cause.

The case of *Simington* v. *The State*, 5 Ind. R. 479, in which it was held that
the act providing for the organization of Circuit Courts, &c., approved
*June* 1, 1852, repealed so much of the act establishing Courts of Common
Pleas, &c., approved *May* 14, 1852, as conferred upon the latter Courts
jurisdiction, in certain cases, over felonies, referred to, and the decision
approved.

A judge of the Court of Common Pleas, upon the hearing on the return to a
*habeas corpus*, may, both by the R. S. 1852, and by the general principles of
law, inquire into the jurisdiction of the Court by whose sentence a prisoner
is detained.

A prisoner was committed to the county jail by the judge of the Court of
Common Pleas of *Laporte* county, rightly, as an examining Court, upon a
complaint charging him with the commission of a felony; but the Court,
having no jurisdiction to try felonies, proceeded to the trial of the prisoner
and sentenced him to confinement in the state prison. While in confine-
ment under the sentence, he applied to the judge of the Court of Common

*Note.*—The opinions delivered during the first fourteen days of this term
are contained in 5 Ind. Reports.

Pleas of *Clark* county for a writ of *habeas corpus* against the warden of the state prison, to show cause why he was detained, &c. The warden having produced the prisoner, returned, as the cause of his detention, the record of the prosecution in the Court of Common Pleas of *Laporte* county, and the conviction and sentence in the case. The judge ordered the prisoner to be discharged from the state prison, and returned to the jail of *Laporte* county, to await the further action of the Courts of said county. *Held,* that the order of the Court was correct.

*Wednesday,
December 13.*

APPEAL from an order of the judge of the Court of Common Pleas of *Clark* county, made in vacation.

PERKINS, J.—Motion for a *supersedeas.*

*Benjamin T. Snyder* petitioned judge *Lovering*, of the Court of Common Pleas of *Clark* county, to grant him the writ of *habeas corpus*, to be directed to *David W. Miller*, warden of our state prison, requiring him to have the body, &c., with the cause of his detention. He alleged in his petition that he was illegally imprisoned, &c. The writ issued. The warden produced *Snyder* before the judge, and returned, as the cause of his detention, the record of his prosecution in, and conviction and sentence by, the Court of Common Pleas of *Laporte* county, *Indiana*, upon a charge of felony, in 1854. The judge ordered the prisoner to be discharged from the state prison, and returned to the jail of *Laporte* county, to await the further action of the Courts of said county. The warden appealed to this Court.

Did the judge of the *Clark* Common Pleas err in making the order of discharge, &c.?

He had authority to issue the writ and hear the cause. 2 R. S., pp. 20 and 22, ss. 23 and 34.

*Snyder*, though a penitentiary-convict, had a right to apply for and obtain the writ. 2 R. S., p. 194, s. 714. And if his detention was "illegal," said section expressly required the judge to deliver him "therefrom."

His detention or imprisonment was illegal, because it was under a void judgment and sentence. That the judgment and sentence were void, necessarily follows from the fact that the Court which pronounced them had no jurisdiction of the cause in which they were declared,—a point this Court has heretofore decided. *Simington* v. *The State*, 5 Ind. R. 479. In *Horner* v. *Doe*, 1 Ind. R. 130, this Court

held, that a judgment, appearing to be rendered by a Court having no jurisdiction of the subject-matter, was a nullity, and might be so treated when it came in question collaterally. See the authorities there cited. Here the want of jurisdiction does appear, as that of the Common Pleas is conferred by statute, and we must take notice of its extent. In *Williamson* v. *Berry*, 8 Howard (U. S.) R. 495, the cases on this point are reviewed, and the rule is declared to be, "that where a limited tribunal takes upon itself to exercise a jurisdiction which does not belong to it, its decision amounts to nothing, and does not create a necessity for an appeal."

This question of jurisdiction the judge had a right to inquire into on the hearing upon *habeas corpus*, both upon general principles of law, and under our statute. The statute is (2 R. S., p. 195, s. 725) that the judge, on such hearing, when the prisoner is held "upon any process issued on any final judgment of a Court of competent jurisdiction," shall not discharge, &c., plainly implying that the question of jurisdiction is open to inquiry. See, also, 8 How., *supra*.

The judge did right, then, in discharging the petitioner from the penitentiary; but the record returned as showing the cause of his detention, showed that a complaint had been preferred against him of an act of felony; that upon that complaint he had been committed to the jail of *Laporte* county, in which said felony had been perpetrated, and that he had never been legally discharged from said imprisonment. This was a custody to which the Common Pleas, as an examining Court, had a right to commit the defendant, and from which the judge, on hearing the *habeas corpus*, had no right to discharge; for the statute enacts (2 R. S., p. 196, s. 725) that where the party is in custody, "upon a warrant issued from the Circuit Court or Court of Common Pleas, upon an indictment or information," such discharge shall not take place. In this latter case— that of the warrant—the party is held for trial, and not upon final judgment, and hence is legally in custody.

The judge, therefore, did right in refusing to discharge

Nov. Term, 1854.

MILLER v. SNYDER.

Nov. Term, the petitioner from this custody, and in remanding him to
1854.     the jail of *Laporte* county.

MILLER           Our attention has been called to the case of *Wright* v.
v.        *The State*, 5 Ind. R. 290, as being decisive of that now
SNYDER.   before us, but it is not even analogous.

In that case, the petitioner for the writ of *habeas corpus*
was in the custody of the sheriff upon a warrant issued
from the Circuit Court upon an indictment. In that cus-
tody, and by virtue of that warrant, it was the duty of
said sheriff to hold his prisoner till discharged by due
course of law. While the prisoner was thus in custody,
he was brought before the Circuit Court, in which certain
matters transpired that were claimed by the prisoner to
entitle him to his release. Whether they did so entitle
him or not, was a question, in the first instance, for that
Court; and as it had jurisdiction of the cause in which
the question arose, its decision upon it, though erroneous,
was not void; and having decided that the matters did
not entitle the prisoner to his discharge, (for the remanding
him was such a decision), it was the duty of the officer
still to retain him under the warrant upon the indictment.

Take another view of the case. Suppose *Wright* had
actually made a formal motion for his discharge, or had
pleaded the matters which had transpired in bar of further
proceedings, and the Court had overruled his motion or
plea, and proceeded to a further trial: could the ruling
have been reviewed upon *habeas corpus?* Surely not;
and for the reason that it would have been by a Court
having complete jurisdiction to make it, and hence, how-
ever erroneous, it would not have been void, and could not
have been impeached collaterally, but only reversed on
appeal or writ of error.

STUART, J.—Adhering to the dissenting opinions in *Spen-
cer* v. *The State*, 5 Ind. R. 41, and *Simington* v. *The State*,
*id.* 479, viz., that the Common Pleas had jurisdiction of
felonies, I cannot concur with the majority of the Court
in refusing the *supersedeas.* I regard the prisoner as in
the custody of the officers of the penitentiary, under the

following statutory provision, viz.: "No Court or judge shall inquire into the legality of any judgment or process, whereby the party is in custody, or discharge him when the term of commitment has not expired, in either of the cases following: upon any process issued on any final judgment of a Court of competent jurisdiction," &c. 2 R. S., p. 195, second clause of section 725.

Having been committed on process issued on the final judgment of a Court which I believe, for the reasons elsewhere given, had competent jurisdiction, judge *Lovering* had no authority to "inquire into the legality of the judgment" of the *Laporte* Common Pleas.

The discharge of some fifty or sixty prisoners out of the penitentiary, is the legitimate fruit of what I still respectfully conceive to be the erroneous ruling of the majority of the Court in the *Spencer* case, *supra*.

I am, therefore, of opinion that the *supersedeas* should be granted.

*Per Curiam.*—The motion for a *supersedeas* is denied, with costs.

*W. T. Otto* and *J. S. Davis*, for the appellant.