## McNaught v. State of Indiana.

[No. 24,322.   Filed February 5, 1924.]

1. CRIMINAL LAW.—*Bill of Exceptions.—Time for Filing.—File Mark.—Insufficient.*—Where nothing appears to show that a bill of exceptions containing the evidence was ever filed after being signed by the judge, except the file mark of the clerk, it does not meet the requirement of §2163 Burns 1914, and is not in the record.  p. 211.

2. CRIMINAL LAW.—*Appeal.—Sufficiency of Evidence.*—The sufficiency of the evidence to sustain the verdict will not be considered on appeal, in the absence of a bill of exceptions, containing the evidence.  p. 211.

3. CRIMINAL LAW.—*Appeal.—Instructions.—Bill of Exceptions.* —Instructions in criminal cases must be made a part of the record by a proper bill of exceptions or they cannot be considered on appeal.  p. 211.

From Owen Circuit Court; *Herbert R. Rundell,* Judge.

Thomas E. McNaught was convicted of a violation of the prohibition law, and he appeals.  *Affirmed.*

*Slinkard & Slinkard, Hickam & Hickam* and *Noel, Hickam & Boyd,* for appellant.

*U. S. Lesh,* Attorney-General, *Mrs. Edward Franklin White,* Deputy Attorney-General, and *O. S. Boling,* for the State.

WILLOUGHBY, J.—This was a prosecution commenced by affidavit filed in the Owen Circuit Court, charging appellant with the unlawful possession of intoxicating liquor with the intent to sell, barter, exchange, give away, furnish, and otherwise dispose of the same.  The cause was submitted to a jury for trial upon a plea of not guilty and the jury returned a verdict finding the defendant guilty.  Judgment was rendered upon the verdict and from such judgment this appeal is taken.

The only error relied upon for reversal is stated in appellant's brief as follows:  "The court erred in overruling appellant's motion for a new trial."  The specifications of said motion as presented by appellant's

brief are as follows: "The finding and verdict of the jury are contrary to law. The verdict of the jury is not sustained by sufficient evidence. Error of law occurring in the trial as follows: The court erred in refusing to give instructions numbered 1 and 3 tendered by defendant, before the beginning of the trial and the court erred in refusing to give each of said instructions numbered 1 and 3. The court erred in giving instructions numbered 1 to 10, inclusive, on his own motion except number 7. The court erred in giving each of said instructions numbered 1, 2, 3, 4, 5, 6, 8, 9, and 10."

It is claimed by the attorney-general that no question is presented for the decision of this court by the record in this appeal. He claims that the record shows that appellant's motion for a new trial was overruled January 27, 1923, being the twenty-eighth judicial day of the January term, and appellant was granted sixty days from that date in which to file his bill of exceptions. The bill of exceptions containing the evidence was presented to the judge of the court on March 29, 1923, being the tenth judicial day of the March term, for settlement and signature and was on that day approved and signed by the judge. That there is no record entry showing that such bill of exceptions was ever filed. That the instructions have not been brought into the record by a bill of exceptions.

An examination of the record discloses that the attorney-general is correct in his contentions. The record affirmatively shows that the bill was not presented to the judge for settlement and signature within the time allowed by the court to present it and fails to show that such bill was filed after signing.

Before a bill of exceptions can be considered as a part of the record on appeal it must be presented to the judge within the time allowed and filed with the clerk

of the trial court after signing or if time is granted beyond the term, within the time thus granted. §2163 Burns 1914, Acts 1905 p. 584, §287; *Bingle* v. *State* (1903), 161 Ind. 369; *Donovan* v. *State* (1916), 185 Ind. 15; *Bass* v. *State* (1918), 188 Ind. 21; Ewbank's Manual (2d ed.) §32.

1. Where nothing appears to show that the bill of exceptions containing the evidence was ever filed after being signed by the judge, except the file mark of the clerk, it is not a part of the record. *Donovan* v. *State, supra; Bass* v. *State, supra; Barker* v. *State* (1919), 188 Ind. 493.

2. The sufficiency of the evidence to sustain the verdict will not be considered on appeal, in the absence of a bill of exceptions, containing the evidence. *Taylor* v. *State* (1921), 191 Ind. 200, 132 N. E. 294.

An examination of the record shows the following entry in relation to the instructions to the jury: "At the trial the court instructed the jury in writing and all the instructions given by the court, those tendered by defendant and given by the court, and those tendered by the defendant and refused by the court were all filed and made a part of the record by order of the court without a bill of exceptions."

3. No question is presented as to the giving of or refusing of instructions because the instructions have not been made a part of the record by a bill of exceptions. Instructions in criminal cases must be made a part of the record by a proper bill of exceptions or they cannot be considered on appeal. *Tribbey* v. *State* (1918), 189 Ind. 205; *Taylor* v. *State, supra; Messel* v. *State* (1911), 176 Ind. 214; *Goodman* v. *State* (1919), 188 Ind. 70.

Nothing is presented by the record for the decision of this court and the judgment is therefore affirmed.