## PALMER *v.* STATE OF INDIANA.

[No. 24,994. Filed June 10, 1926.]

1. CRIMINAL LAW.—*Time defendant was confined in state prison on another charge not considered in computing period of his detention without trial.*—On a motion to be discharged from custody under the provisions of §2251 Burns 1926, §2090 Burns 1914, the time that defendant was confined in the state prison under process of the court of another county on another charge is not to be considered in computing the period of his detention without trial which requires his discharge. p. 75.

2. CRIMINAL LAW.—*Motion to be discharged from custody because of time served on another charge in another county properly overruled.*—A motion to be discharged from custody under the provisions of §2251 Burns 1926, §2090 Burns 1914, was properly overruled where it was not shown that the defendant had been detained in jail, without trial, on the indictment on which he was then confined in jail, but it was shown that he had been confined on an indictment found by another court in another county. p. 75.

3. CRIMINAL LAW.—*Terms of court intervening between time of indictment and arrest not considered in determining whether accused has been detained in jail without trial for statutory period.*—Where accused was not arrested until some time during the second term of court following his indictment, neither that term nor the preceding term could be counted in determining whether he had been continuously detained in jail without trial for a period embracing more than two terms after his arrest and commitment thereon within the meaning of §2251 Burns 1926, §2090 Burns 1914, regardless of his confinement in jail in another county on another charge before such arrest.   p. 75.

4. CRIMINAL LAW.—*Failure of verdict to fix punishment and overruling motion for venire de novo harmless error on conviction for automobile banditry.*—Where the court imposed the shortest sentence which the jury could have fixed as the punishment for "automobile banditry" as defined in §2548 Burns 1926 (Acts 1921 p. 91), the defendant was not harmed by the failure of the verdict to fix the punishment nor by the action of the court in overruling his motion for a *venire de novo.* p. 77.

5. CRIMINAL LAW.—*Verdict of guilty of "automobile banditry" held sufficient.*—A verdict of guilty of "automobile banditry" as defined in §2548 Burns 1926 (Acts 1921 p. 91) necessarily found that the defendant should be imprisoned for not less than the minimum term prescribed by the act, and hence was not so defective or uncertain as to preclude the entry of judgment thereon.   p. 77.

6. CRIMINAL LAW.—*When motion for venire de novo will be sustained.*—A motion for a *venire de novo* will not be sustained unless the verdict is so defective and uncertain on its face that no judgment whatever can be pronounced thereon.   p. 77.

7. CRIMINAL LAW.—*Instructions in a criminal case can only be brought into the record by incorporating them in a bill of exceptions.*—In a criminal case, the instructions can only be brought into the record by incorporating them in a bill of exceptions, and if they are not, no question as to any error in giving or refusing instructions is presented on appeal.   p. 78.

8. CRIMINAL LAW.—*Requirements necessary to obtain review of admission of incompetent evidence.*—Where appellant's brief failed to show that objection was made and exception reserved to the admission of evidence, that the action of the court was specified as a ground for a new trial, and that an exception was reserved on overruling the motion, no question as to the admission of the evidence is presented for review on appeal. p. 78.

9. CRIMINAL LAW.—*Requirements necessary to review of exclusion of evidence on appeal.*—Where appellant's brief fails to show that his attorneys made a proper offer to prove the facts proposed to be proved by evidence excluded, that they reserved an exception to its exclusion, and that it was specified as a reason for a new trial and an exception was reserved when his motion for a new trial was overruled, no question as to such exclusion is presented for review on appeal.   p. 78.

From Owen Circuit Court; *Homer Elliott,* Special Judge.

Harry Palmer was convicted of "automobile banditry," and he appeals.   *Affirmed.*

*Slinkard & Slinkard,* for appellant.

*Arthur L. Gilliom,* Attorney-General *George J. Muller,* Deputy Attorney-General and *Alvan W. Boyd,* for the State.

EWBANK, C. J.—An indictment was returned on July 5, 1924, charging that appellant and certain other persons had burglarized a bank at Spencer, Indiana, while keeping an automobile in waiting by the use of which they escaped, in violation of ch. 32, Acts 1921 p. 91, defining automobile banditry.   A warrant for his arrest was returned on March 12, 1925, indorsed with a statement by the sheriff that it came to hand on January 1, 1925, and was served as commanded by arresting appellant at the Michigan City State Prison, and that the sheriff then had his body in the Owen county jail.

On the first day of the March term of court, being March 16, 1925, appellant filed a motion asking that he be discharged, for the alleged reason that at the time this indictment was returned into the circuit court of Owen county, the defendant was in jail in Vigo county, Indiana, under conviction by the Vigo Circuit Court of having received stolen goods, and that nineteen days later he was taken by the sheriff of Vigo county to the state prison, pursuant to a war-

rant of said Vigo Circuit Court, where he was confined "until the 27th day of January, 1925, when this defendant was, by the sheriff of said Owen county, Indiana, on a warrant issued by the circuit court of said Owen county, and the approval of the Governor of the State of Indiana indorsed thereon, taken from said prison and conveyed to the jail of Owen county," and that he had since remained in custody. Also that, during the October term, 1924, and the January term, 1925, of the Owen Circuit Court, a large number of civil cases had been tried by that court, and there had been ample time in which to have tried appellant at those terms on the charge of auto banditry. That appellant had done nothing to cause delay in bringing him to trial, but at all times had remained in custody at the jail or the state prison, and at all times had been ready for trial. But the motion did not allege, and it was not in any way shown, that the defendant was held or at any time had been held by recognizance to answer the indictment on which the warrant issued by the Owen Circuit Court was based, nor that he had been detained in jail, without a trial, on that indictment at any time prior to January 27, 1925, which was in the term next before the one at which the motion for his discharge was made. His motion was overruled, and he excepted. The court did not err in this ruling. The statute provides that "no defendant shall be detained in jail without a trial, on an indictment or affidavit, for a continuous period embracing more than two terms after his arrest and commitment thereon" (§2251 Burns 1926, §219, Acts 1905 p. 584-632), and that "no person shall be held by recognizance to answer an indictment or affidavit without trial for a period embracing more than three terms of court" (§2252 Burns 1926, §220, Acts 1905 p. 584-632). But, where a defendant indicted in Owen county was held in custody under a

warrant issued by a court in Vigo county, at the time the indictment in Owen county was returned and thereafter for a period of time before he was arrested on that indictment, the time during which he was held in custody by the court of Vigo county cannot be deemed a part of the period during which he was "detained in jail, without a trial, on the indictment" returned against him in Owen county "after his arrest and commitment thereon." And if appellant was not arrested by the sheriff of Owen county on the indictment returned in that county until sometime in the January term, neither that term nor the preceding October term of the Owen Circuit Court can be counted in determining for what number of terms, at the time he asked to be discharged, he had been continuously in jail after his arrest and commitment on such warrant.

The verdict was as follows: "We, the jury, find the defendant guilty as charged in the indictment and we find him to be 44 years of age." Appellant
4-6. filed a motion for a *venire de novo,* alleging that the verdict was so defective and uncertain that judgment could not be entered thereon, and specifying that the jury had failed to fix the punishment. The statute provides that a person convicted of automobile banditry, "shall be imprisoned in the State Prison for any determinate period not less than 10 years nor more than 25 years" (Acts 1921 p. 91). The court, after overruling the motion for a *venire de novo,* pronounced sentence on appellant that he be imprisoned in the Indiana State Prison for the determinate period of ten years. As that was the shortest period of time for which the jury lawfully could have found that he should be imprisoned, if he was guilty of the offense charged, appellant was not harmed by the failure of the verdict, to fix the punishment, nor by the action of the court in overruling his motion for a *venire de novo.* The

verdict finding him guilty of the offense of automobile banditry as charged in the indictment necessarily found that he should be imprisoned not less than ten years. And a motion for a *venire de novo* will not be sustained unless the verdict is so defective and uncertain upon its face that no judgment whatever can be pronounced thereon. *Ewing* v. *State* (1921), 190 Ind. 565, 568, 131 N. E. 43.

The instructions given and the instructions refused were not incorporated in a bill of exceptions, and therefore do not constitute a part of the record, and

7. no question is presented as to whether error was committed in giving or refusing to give any of them. *McNaught* v. *State* (1924), 194 Ind. 209, 211, 142 N. E. 418.

The admission of certain evidence is complained of, but appellant's brief fails to show that such evidence was specified in the motion for a new trial as a

8. cause for asking that a new trial be granted, or that appellant reserved an exception when his motion for a new trial was overruled; and it also fails to show that any objection was made to the introduction of this evidence, or that a proper exception was reserved when such an objection was overruled. Therefore, no question is presented as to whether or not the evidence complained of was admissible.

Complaint is also made of the exclusion of certain evidence. But it does not appear from appellant's brief that his attorneys made a proper offer to prove

9. any facts by the evidence excluded, or reserved an exception to its exclusion, or specified such exclusion as a reason for asking a new trial, or reserved an exception when his motion for a new trial was overruled; and no question in relation thereto is presented for decision on appeal.

The judgment is affirmed.