NORTON *v.* STATE OF INDIANA.

[No. 30,251.   Filed April 6, 1964.]

*William E. Ervin* and *Peterson & Ervin,* of Hartford City, for appellant.

*Edwin K. Steers,* Attorney General, and *William D. Ruckelshaus,* Assistant Attorney General, for appellee.

MYERS, J.—In the City Court of Marion, Indiana, an affidavit was filed against appellant stating that on August 23, 1960, she was on the streets of Marion unlawfully in a state of intoxication. On August 30, 1960, she appeared in person in open court for arraignment. The minutes of the court in the transcript say that:

" . . . the above-noted Affidavit was read to her in its entirety. The Court thereupon advised the Defendant of her rights in the matter including her right to an attorney and to a Continuance of the matter pending her selection of such an attorney and discussion of the matter with her. The Defendant thereupon indicated her desire to enter a plea to the Affidavit. The Defendant thereupon entered her plea of 'Guilty.' The Court thereupon heard evidence in the matter and being duly advised in the cause now finds the Defendant guilty as charged in the Affidavit and finds that the Defendant should be fined in the sum of $100.00

and the costs of this action, and that the Defendant is further sentenced to 180 days in the Indiana Women's Prison and that 150 days of this term should be suspended and that the remaining 30 days should be spent in the Grant County Jail in view of the suspension of the 150 days. Judgment was entered thereupon."

Trial was had and judgment entered both on August 30, 1960.

On August 31, 1960, William E. Ervin of Hartford City entered his appearance for appellant and filed notice of appeal to the Grant Circuit Court in the matter. An appeal bond was filed and approved by the court on that date. The court granted the appeal on September 1, 1960, and ordered a transcript to be prepared.

On September 12, 1960, the Prosecuting Attorney filed in the Grant Circuit Court a motion to assess penalty on the ground that appellant filed her motion to appeal without praying the court for leave to withdraw her plea of guilty, and that the guilty plea still stands.

The record proceeds to show that on the 28th day of December, 1960, appellant was ordered to appear in court in person at 10:00 a. m. There is nothing to indicate what happened on that day, if anything.

On January 20, 1961, appellant filed her verified application to withdraw her plea of guilty in the Grant Circuit Court on the grounds that (1) when she entered her plea she was without benefit of counsel and ignorant of the punishment which might be inflicted on her; (2) subsequent to her conviction and within time for appeals from decisions of magistrates, she was required by subpoena to appear and testify before the grand jury of Grant County for the April

Term, 1960, and that she was required to testify concerning the quantity of alcoholic beverages she had consumed immediately preceding her arrest. She further stated that because of these facts she had cause and legal grounds to abate the charge pending against her.

On the same day, she filed her verified plea in abatement based upon her being called before the grand jury. She states that she was required to do this on August 30, 1960, the same day she was convicted in City Court. She also averred that on that day (August 30, 1960), she was indicted for perjury for statements allegedly made in regard to the amount of intoxicating liquor consumed by one Ruth Stanley on the day of an automobile collision, being August 23, 1960; that such charge is pending in the Grant Circuit Court and no conviction had been obtained thereon. She ends up her plea:

"That no indictment or affidavit has been filed against her or any statements made by her concerning the amount of alcoholic beverages which she, Bernita E. Norton, consumed prior to her arrest for public intoxication."

A memorandum to this plea refers to §9-1605, Burns' Ind. Stat., 1956 Replacement, and *Atkinson* v. *State* (1920), 190 Ind. 1, 128 N. E. 433.

The Prosecuting Attorney filed an answer in admission and denial to both pleadings filed by appellant.

On September 22, 1961, evidence was heard on these matters, appellant being present with her counsel. On January 10, 1962, the court denied the petition to withdraw plea of guilty and overruled the plea in abatement.

On February 7, 1962, appellant and her attorney appeared in court, and, on the plea of guilty previously

entered in the City Court, the Circuit Court found her guilty and sentenced her to thirty days in the Indiana Women's Prison and added a fine of $100 and costs. Judgment was entered accordingly. Later, appellant was admitted to bail upon posting an appeal bond for purposes of perfecting an appeal to this court. The assignment of errors and transcript, including bills of exceptions, were filed with the Clerk of this Court on May 7, 1962.

In her assignment of errors, appellant alleges that the court erred in denying her application for permission to withdraw her plea of guilty; in overruling her plea in abatement; in rendering judgment against her without first inquiring whether she had any legal cause to show why judgment should not be pronounced upon her; and in rendering judgment against her and imposing punishment.

Appellant's main argument is that after she had pleaded guilty to the charge of public intoxication in the City Court of Marion and had been fined and sentenced, she was required to appear before the grand jury of Grant County and testify about matters which pertained to that charge. In so doing, she claims that she became immune from prosecution concerning that which she testified, citing §9-1605, Burns' Ind. Stat., 1956 Replacement, *supra,* as authority. This section reads as follows:

> "Whenever any person is required to testify touching the commission of any misdemeanor, his evidence therein shall not be used in any prosecution against him, except in case of perjury committed by him therein; and shall not be liable to trial by indictment or affidavit, or to punishment for such misdemeanor."

In other words, she contends that she was immune from any further prosecution under that statute, and

that the Grant Circuit Court could only have sustained her plea to withdraw her plea of guilty and uphold her answer by way of plea in abatement. She relies on *Atkinson* v. *State, supra,* in support of her claim that the statute was violated.

In that case, the defendant had been taken before the grand jury just prior to prosecution. He was arraigned, pleaded guilty, then the cause was continued. The court denied his motion to withdraw his plea of guilty in order to file a plea in abatement based upon the violation of immunity granted him by that statute. In reversing the trial court's decision therein, this court said (page 7 of 190 Ind., page 434 of 128 N. E.) :

"This is not a case where the application to withdraw the plea was made after sentence, the punishment known, and then sought to be set aside for slight cause or false claim."

At the time he pleaded guilty, he (page 3 of 190 Ind., page 433 of 128 N. E.) :

" . . . did not know that the only evidence before the grand jury, and upon which the indictment was predicated, was the admissions of appellant while before the grand jury in response to questions propounded to him by the prosecuting attorney."

There was no sentence imposed by the trial court in that case. The defendant's plea of guilty was made *after* he had made his admissions to the grand jury and *before* his indictment by it.

Such are not the facts in the case at bar. Appellant pleaded guilty in City Court *before* talking to the grand jury. She had already been found guilty on her plea, judgment rendered and sentence imposed before answering the subpoena to appear before the grand jury.

She was entitled to file her appeal to the Grant Cir-

cuit Court even after entering her plea of guilty. *Yager, Mayor* v. *State* (1921), 190 Ind. 550, 131 N. E. 42. However, in so doing, we turn to the language used in *Smith* v. *State* (1957), 237 Ind. 244, 248, 143 N. E. 2d 408, 410:

> "Appellant's plea of guilty in the city court is . tantamount to a confession of judgment of guilt and there is nothing from which an appeal may be taken except the measure of the punishment to be meted out. *State* v. *Schreiber* (1933), 35 Del. 424, 166 A. 669. Therefore, on an appeal from city court, the issues presented to the Circuit Court (of Tippecanoe County) are only those formed and appealed from under the pleadings in the city court."

In spite of this, the trial court held a hearing on both the motion to withdraw and the plea in abatement. Appellant took the witness stand and on cross-examination admitted again that she was guilty of intoxication at the time and place charged. Neither the motion nor answer in abatement stated that she was not guilty of the offense. Under these circumstances, we do not find that the court abused its discretion in denying the motion to withdraw the plea of guilty, nor was there error in overruling the answer in abatement. At the final hearing before the trial court, the court committed no error in meting out punishment, which happened to be identical with that of the City Court. That was the only duty imposed upon that court. It was under no obligation to hear the entire case *de novo* as if the judgment of the City Court was non-existent or void. *Smith* v. *State, supra.*

Appellant claims that it was error for the Circuit Court not to inquire if appellant had any legal cause

why judgment should not be pronounced. (Section 9-2205, Burns' Ind. Stat., 1956 Replacement.) In the first place, there was no objection to the wording of the decision. The record shows that her attorney was present at the time, and, failing to file any objections, the matter was waived. *Patton et al.* v. *State* (1960), 240 Ind. 364, 165 N. E. 2d 377. In the second place, the sentence pronounced by the Circuit Court only affirmed the decision of the City Court and did not constitute a new judgment for which §9-2205, *supra,* might have effect. Furthermore, it has been held by this court that this section (9-2205) has no application where the defendant pleads guilty to the offense with which he is charged. *Penn* v. *State* (1962), 242 Ind. 359, 177 N. E. 2d 889, 179 N. E. 2d 283.

The final assignment of error, that the court erred in rendering judgment against appellant and imposing punishment, has been answered by the preceding paragraphs of our opinion.

Judgment affirmed.

Landis, C. J., and Achor and Arterburn, JJ., concur. Jackson, J., concurs in result.

NOTE.—Reported in 197 N. E. 2d 297.