LANE, ETC. *v.* HOBBS.

[No. 30,648. Filed June 24, 1965. Rehearing denied September 27, 1965.]

*John J. Dillon,* Attorney General, and *David S. Wedding,* Deputy Attorney General, for appellant.

*Ralph W. Probst* and *Probst & Probst,* of Kendall-ville, for appellee.

ARTERBURN, J.—This is an appeal from the granting of a writ of habeas corpus by the LaPorte Circuit Court, which released the appellee, Arnold G. Hobbs, from the Indiana State Prison where he was committed to serve a fifteen year sentence by the Circuit Court of Allen County, Indiana for embezzlement.

After the jury's verdict of guilty, the court fixed the sentence of fifteen [15] years.

The appellee contends that the penalty fixed by the statute was a determinate period of not less than two [2] nor more than twenty [20] years, which it was the duty of the jury to fix instead of the court under the statute, and that therefore, after he had served the minimum of two years, he was entitled to be discharged from prison, since the court had no jurisdiction to fix any greater penalty than

the minimum under the authority of *Witte* v. *Dowd, Warden* (1951), 230 Ind. 485, 102 N. E. 2d 630 and *Shoemaker* v. *Dowd, Warden* (1953), 232 Ind. 602, 115 N. E. 2d 443.

These cases are superseded by *Dowd, Warden* v. *Todd* (1962), 243 Ind. 232, 184 N. E. 2d 4. There we reviewed and considered these cases and others like them in view of the new rule, 2-40B. This rule provides in substance that whenever it appears an incorrect sentence has been imposed, application may be made by the objecting party for the correction of the same to the court imposing the sentence originally, from which ruling an appeal may be taken to the Supreme Court. The rule, approved in 1954, made plain and certain the remedy when it is contended an erroneous sentence has been imposed. It did away with the fiction that the court lost "jurisdiction" to impose an erroneous or excessive sentence. We stated there (p. 236):

> "Far too frequently the term 'lack of jurisdiction' is loosely used and overworked as a catchall to support a desired remedy. From such a premise it is then argued that all actions of a court are 'void.' We cannot ascribe 'lack of jurisdiction' indiscriminately as a basis for achieving every remedy, however desirable.
>
> In the case before us the court had general jurisdiction of the subject matter, namely, the crimes involved. The court also had jurisdiction of the party involved. Under no theory can it be urged that there was lack of jurisdiction in the Mation Criminal Court, Division Two, or that the judgment was void. At the most, it was contrary to law and therefore erroneous. . . ."

Later, this Court reaffirmed the operation of this rule and that the trial court retained jurisdiction to correct an erroneous sentence, rather than lost it by reason of any error. *Woods* v. *State* (1955), 234

Ind. 598, 130 N. E. 2d 139. *Wagner* v. *State* (1963), 243 Ind. 570, 188 N. E. 2d 914.

We again state that the remedy to correct an erroneous sentence is through Rule 2-40B and not by habeas corpus in another trial court under any theory that the trial court imposing the sentence had lost "jurisdiction".

It has never been the law in Indiana that one trial court may review the judgment or errors of another trial court by or through a writ of habeas corpus. In habeas corpus, one trial court may not go behind the judgment of another trial court. In the case before us we call attention to the fact that to review the judgment of the Allen Circuit Court, the LaPorte Circuit Court had to go back of the judgment into the record and view the jury's verdict. If it may do that, then it may review the motion for a new trial or another alleged intervening error. The judgment of the trial court merely reads as follows:

"It is, therefore, ordered, adjudged and decreed by the Court that the said defendant, Arnold G. Hobbs, is guilty of the offense of Embezzlement, as charged in the indictment, and that he be and he is hereby committed to the custody and control of the Warden of the Indiana State Prison for a period of fifteen (15) years, and that he be fined in the penal sum of One Thousand ($1,000.00) Dollars, and that he pay and satisfy the costs herein taxed."

Applying the principles enunciated in *Dowd, Warden* v. *Todd* (1962), 243 Ind. 232, 184 N. E. 2d 4, the Allen Circuit Court had jurisdiction of such matter, namely, the trial of causes in embezzlement. It also had jurisdiction of the party involved and the judgment on its face was valid. If there was error occurring prior to the judgment, application must be

made to the Allen Circuit Court for correction of its own error. Another trial court of coordinate jurisdiction under no theory of "lack of jurisdiction" may review or correct the action in a habeas corpus case. The Supreme Court of the State of Indiana was created for the purpose of finally determining errors in trial courts of this State, and Rule 2-40B so provides for such review in cases where an erroneous sentence has been imposed.

We further call attention to the fact that other remedies also were open to the appellee herein for correction of any alleged error in the sentence at the time the jury's verdict was returned. If he found it defective, prejudicial or in error, it was his duty at that time to object, pointing out the alleged error in the trial court before the jury was discharged. Certainly he may not stand by silently and wait until after the statutes of limitation have run and then go into another court through habeas corpus, asking that the judgment be declared void. A party may not stand idly by, make no objections to what he considers prejudicial error in a trial or proceeding, and then attempt to claim error later in another proceeding in another court nor even on appeal in the same case. If a party makes no objection at the time when the alleged error can be corrected, he waives the alleged error or right to claim it later, even on appeal. Such a principle is only fair to the opposing party and to the Court.

In *Myles* v. *State* (1955), 234 Ind. 129, 124 N. E. 2d 205, we stated (p. 134):

"There is no contention appellant was not represented by competent counsel, and assuming without deciding that each juror did not say it was his verdict, it was the duty of appellant to object to its return before the jury was discharged. If the court's intrinsic record did not correctly

state the proceeding at the time the jury was polled, it was the duty of appellant to bring the matter into the record by a special bill of exceptions, . . ."

In *The State* v. *Arnold* (1895), 144 Ind. 651, 42 N. E. 1095, we stated (p. 660) :

". . . We had occasion in the recent case of *May* v. *State, supra*, to consider the effect of a defendant's silence when a verdict is returned assessing punishment smaller than that prescribed, and we have no reason to deny the soundness of the conclusion there reached. His silence is a waiver of the irregularity. As *rediculous* as it might appear that a defendant charged with crime should be required to object to an irregularity favorable to him, it is no more so than to permit him, after receiving the benefit of a diminished punishment, to ask that, by reason of that benefit, he be permitted to go scot-free."

In *Mountjoy* v. *The State* (1881), 78 Ind. 172, at page 175, the principle is summed up :

". . . The general rule in a criminal as well as in a civil cause is, that, where a party is present in court when a judgment is rendered against him, he can not complain of the judgment in this court, unless he has in some way reserved an exception upon it. . . ."

In *Evans* v. *The State* (1898), 150 Ind. 651, 655, 50 N. E. 820, 821, it was pointed out as the "settled law in this State" that an objection and the issue based thereon as to any judgment or verdict "must be first presented to the court below" and "the objection must particularly point out the defect or mistake complained of, and ask that the same be corrected. . . . Unless this is done no objection can be made available for reversal here, however erroneous in form or substance such judgment may appear to be."

In *May* v. *State* (1894), 140 Ind. 88, 39 N. E. 701,

it is said with reference to an irregular verdict in a criminal case: (p. 92)

"The instances where the doctrine of waiver has been held to apply have been stated in Elliott App. Proced., section 290, as follows: 'Errors of the gravest character may be expressly or impliedly waived by a defendant in a criminal case. . . . Failure to object to the competency of a judge will operate as a waiver. An accused may waive his right to the benefit of the constitutional provision that he shall be confronted by the witnesses for the State. . . . Objections to the empaneling of the jury, to the qualifications and to the conduct of jurors are waived unless seasonably interposed. . . Misconduct of counsel in argument must be specifically and duly objected to or there will be a waiver. In almost every conceivable form the doctrine of waiver has been enforced in criminal cases, it has been enforced in respect to pleadings, in respect to changes of venue, and in respect to the admission and exclusion of evidence. . . It is entirely safe to say that many constitutional rights, and all rights not constitutional, or not affecting the jurisdiction of the subject, may be waived.' "

The Court further made the statement in conclusion: (p. 94)

"While our attention has not been called to a case directly in point, we believe that in principle and by the analogy of the cases cited, there can be no doubt that the failure of the appellant to ask that the verdict be corrected waived all right to assail the verdict for the irregularities complained of."

The appellee-defendant here made no prompt objections to the verdict in the trial court pointing out specifically the alleged defects or errors therein. These objections, if valid, should have been made at a time when the same could still have been corrected by trial court; otherwise such objections are waived on appeal and certainly may not be raised in habeas corpus

in another court of coordinate jurisdiction for the purpose of being reviewed or corrected.

There is still a further reason why the appellee cannot prevail in this case. The record shows that when he was sentenced for fifteen years by the trial court for embezzlement, he asked for pauper counsel and a transcript and the payment of all costs for an appeal. This was granted and the pauper appeal was filed in this Court. If he claimed any alleged error in the trial (including the alleged erroneous verdict), it was his duty to raise it in that appeal. He had his remedy. He had counsel at public expense. The record, however, shows that in a petition to vacate the appeal made by appellee-Hobbs and his attorney, it was stated that an agreement had been made with the prosecuting attorney representing the State that nineteen other charges against Hobbs would be dismissed and that Hobbs would "accept the judgment of fifteen years, fine and costs", as entered by the court.[1]

The petition further stated:

> "That petitioner feels that it is to his best interests that he accept the said sentence of this court and said appeal to the Indiana Supreme Court be dismissed, this being upon the proviso that the pending nineteen criminal charges all be dismissed by the State of Indiana, to the end that further trouble and expense will be terminated and said sentence of this court accepted as by law provided."

The agreement which was signed by Hobbs' attorney and the prosecuting attorney recited in part that it was the understanding of both parties

---

1. Burns' Ind. Stat. Anno. §9-3303 provides that trial courts, as well as the Supreme Court of this State "shall take judicial notice of all pleadings and records from the time of the filing of the affidavit or indictment upon which a conviction may be had to and including any proceeding of record had attacking the validity of any judgment of conviction, . . ."

"that said Arnold G. Hobbs desires to avoid any further publicity and shame on himself and his family and believing that it will be for the best that said appeal be withdrawn and vacated and that said Arnold G. Hobbs is willing to accept said judgment *as it now stand,* . . ." (Our italics)

Hobbs thereupon, through his attorney, filed a written application with the court, setting out that agreement, and asked that the appeal be dismissed. The appeal was dismissed on such representation in good faith.[2]

However, it appears that after the statutes of limitation had run against all of the offenses, including the nineteen charges above mentioned, the appellee-Hobbs now claims the judgment of the court fixing his sentence of fifteen years, which he accepted, is void. He went into another trial court for a writ of habeas corpus and asked to be released from prison. The LaPorte Circuit Court released him without authority on the erroneous theory that the Allen Circuit Court lacked jurisdiction. This was done contrary to Rule 2-40B and *Dowd, Warden* v. *Todd* (1962), 243 Ind. 232, 184 N. E. 2d 4.

When the appellee-Hobbs made the agreement with the State to accept the fifteen year penalty, he had the advice of counsel and he was not in doubt as to its meaning or the time he must serve and the benefits he was to receive. In making such an agreement and dismissing his appeal, he waived all possibility of having a reversal on appeal in the case pending in this Court on any errors, including that which he now claims is ground for voiding the judgment of sentence of fifteen years. He cannot have his cake and eat it. He is bound by his agreement.

---

2. Some questions having been raised relative to the conduct of appellee's counsel herein by some of the members of the Court, the same has been referred to the proper committee for review.

If we were to assume that the agreement was invalid, it would nevertheless, toll the statutes of limitation against all the criminal charges originally against him, since, by his act of agreeing to and then repudiating the same, he has obtained a delay in the prosecutions, just the same if by concealment or by fleeing to a foreign jurisdiction, he avoided prosecution for a time.

The judgment of the trial court is reversed, with directions that appellee be remanded to the custody of the Warden of the Indiana State Prison.

The clerk is directed to certify this opinion to the court below immediately.

Landis, J. concurs.

Achor, J. concurs with opinion.

Myers, J. concurs in result.

Jackson, C. J. dissents with opinion.

### CONCURRING OPINION

ACHOR, J.—The opinion by Arterburn, J. asserts that objections to a judgment or sentence "should have been made at a time when the same could still have been corrected by the trial court otherwise such objections are waived on appeal..."

This statement seems to imply that all right to correct an erroneous sentence is lost unless so asserted. In my opinion the implication of the above statement is not consistent with Rule 2-40B[1] and the

---

1. "Whenever it shall appear from the indictment or affidavit and final judgment in any criminal cause that an erroneous sentence has been imposed by the trial court, the defendant in such cause may at any time petition the trial court to correct retroactively such judgment to conform to the term of imprisonment specified in the applicable statute upon proper notice (by serving a copy of the petition in person or by mail) upon the prosecuting attorney of the circuit and the attorney general of Indiana. An appeal may be taken to the Supreme Court from a final order granting or denying said petition under the same rules and conditions as provided in Rules 2-40 and 2-40A of this Court." Rule 2-40B.

opinions of this court. See: *Dowd, Warden* v. *Todd* (1962), 243 Ind. 232, 184 N. E. 2d 4.

The fact that this court, by adopting Rule 2-40B as a specific procedure for the correction of an erroneous sentence seems to indicate that the court intended to provide an independent procedure by which to correct the error other than by the regular procedure of new trial and appeal.

The opinion of Judge Arterburn cites several cases as holding that a party who is present when an irregular judgment is rendered or an improper sentence passed against himself must object at the time of the error, if any question is to be preserved thereon. *Evans* v. *State* (1898), 150 Ind. 651, 655, 50 N. E. 820; *State* v. *Arnold* (1895), 144 Ind. 651, 42 N. E. 1095; *Mountjoy* v. *State* (1881), 78 Ind. 172.

It occurs to me that this interpretation of the above cited cases is not entirely warranted. For example in the Evans case, *supra,* the court actually held that:

"The error, if any, committed by the court, was in rendering judgment on the verdict under the reformatory act of 1897, fixing the penalty for grand instead of petit larceny. Appellant made a general objection to the judgment, but did not point out any specific objection thereto, or move to modify the same so as to conform to the verdict. It is settled law in this State that the form or substance of *a judgment cannot be first questioned in this court, but the question must be first presented to the court below by a motion to modify,* which must specify wherein it should be corrected and modified, and the objection must particularly point out the defect or mistake complained of, and ask that the same be corrected. If the court rules against the party asking such correction, such ruling of the court below must be assigned as error in this court. Unless this is done no objection can be made available for reversal here, however erroneous in form or substance such judgment may appear to be." [Cases cited.] [My emphasis.]

I find no statement in that case to the effect that the defendant must object *at the time* when an irregular judgment is rendered or an improper sentence is passed against him. Rather, it seems that the ruling of the court in the Evans case, *supra,* is substantially in conformity with Rule 2-40B, supra.

I do agree that where the accused is represented by counsel and is charged with knowledge of the error at the time of sentencing, his conduct with respect thereto may thereafter be such as to estop him from challenging the validity thereof. *Dowd, Warden* v. *Todd, supra,* provided that the determinate sentence imposed is within the scope of the indeterminate sentence, as provided by statute.

Where, as in this case, there was such knowledge, and the convicted defendant enters into an agreement in which he specifically accepted such a sentence and the state agreed to dismiss numerous other cases filed against him on the basis of that agreement principles of res adjudicata and collateral estoppel should be effective to bar a belated petition to correct the sentence which, although erroneous, was not void.

#### DISSENT

JACKSON, C. J.—I am in disagreement with the conclusions and result reached in the majority opinion and dissent thereto.

Appellant in the argument section of its brief, paragraph VIII, makes the following argument:

"In order to fully orient the Court on the background of the instant case, Appellant will first set forth a brief synopsis of the case history.

"On June 2, 1959, in the Allen County Circuit Court, the Appellee was convicted by a jury for the crime of embezzlement. The jury's verdict merely found the Appellee guilty; it did not set out the punishment. (See Tr., p. 26)

". . "On June 2, 1959, the Allen Circuit Court sentenced the Appellee to fifteen (15) years in the Indiana State Prison. (See Tr., p. 26)

"On September 19, 1963, the Appellee filed his Verified Petition for Writ of Habeas Corpus in the LaPorte Circuit Court, and on October 4, 1963, Appellant filed his Motion to Quash Appellee's Petition for Writ of Habeas Corpus. The LaPorte Circuit Court, after argument, overruled the Motion to Quash, thus forming the issue for this appeal.

"In the habeas corpus proceedings below, Appellee principally based his argument upon the case of *Palmer* v. *State* (1926), 198 Ind. 73, 152 N. E. 607, and *Shoemaker* v. *Dowd* (1953), 232 Ind. 602, 115 N. E. (2d) 443, and also upon Burns' Indiana Statutes (1956 Repl.), Section 9-1819.

"Succinctly stated, Appellee's theory in the LaPorte Circuit Court was this:

"Since the duty to set the punishment devolved upon the jury under Burns' Section 9-1819, *supra*, (the crime of embezzlement falling within the provisions of this statute), it was, therefore, outside the jurisdiction of the trial court to set the punishment at fifteen (15) years. Appellee relied upon the case of *Palmer* v. *State, supra*, which states that when the jury fails to assess the punishment in those cases where it is required to do so by statute, such failure does not make the verdict void, but rather through a legal fiction, the guilty verdict is held to necessarily imply that the jury has assessed the punishment at the minimum number of years for which penalty clause of the statute calls. Hence, it is Appellee's contention that the jury's silient (sic) assessment of the punishment means that technically under the authority of the aforementioned *Palmer* case, *supra*, the jury assessed his punishment at two (2) years; and thus, the Court acted beyond its jurisdiction in sentencing him to a greater number of years—fifteen (15), in the instant case. In short, Appellee concedes that the portion of the sentence up to two (2) years was valid, but that the remainder of his sentence was excessive and void. Appellee used the case of *Shoemaker* v. *State, supra*, and its attendant dicta in the court

below for his contention that that part of the sentence in excess of two (2) years was void."

Appellant's motion for new trial consists of two grounds, viz:

"1. The Court erred in overruling the Respondent's Motion to Quash.

"2. The finding of the trial court is contrary to law."

Appellant's Assignment of Error is the single ground:

"1. The Court erred in overruling Appellant's Motion For A New Trial."

Appellant at paragraph VI, page 44 of its brief states:

"Since the judgment of the trial court is not assailed by Appellant as being contrary to law in the instant appeal, Appellant therefore waives this cause in his Motion for New Trial; . . . ."

The statute under which appellee was charged, tried and convicted in pertinent part reads as follows:

"Every . . . employee . . . of any . . . financial institution, . . . who, having access to, control or possession of any money . . . to the possession of which his employer is entitled, shall, while in such employment, take, purloin, secrete or . . . appropriate to his own use . . . any money . . . deposited with or held by such . . . financial institution . . . shall be deemed guilty of embezzlement, and, on conviction, shall be imprisoned in the state prison for any determinate period of not less than two [2] years nor more than twenty [20] years and in addition to such imprisonment he shall be fined not less than one dollar [$1.00] nor more than one thousand dollars [$1,000.00], . . ."

Acts 1935, ch. 233, §1, p. 1229, §10-1704 Burns' 1956 Replacement.

The determinate sentence statute in effect at the

time of appellee's conviction reads in pertinent part as follows:

"Verdict—Assessment of fine or punishment. —When the defendant is found guilty the jury, except in the cases provided for, in the next three [two] sections, must state, in the verdict, the amount of fine and the punishment to be inflicted; where the plea is guilty, or the trial is by the court, the court, subject to the same exception, shall assess the amount of fine and fix the punishment to be inflicted."

Acts 1927, ch. 200, §1, p. 574, §9-1819, Burns' 1956 Replacement.

The majority opinion is predicated on the theory that the remedy of habeas corpus is not available to the appellee in the instant case due to the intervention of Rule 2-40B and the case of *Dowd, Warden* v. *Todd* (1962), 243 Ind. 232, 184 N. E. 2d 4. A reading of the Rule (2-40B) and the *Dowd* case, *supra,* clearly indicates the procedure there outlined is applicable to the correction of an erroneous, not void, judgment.

In the case at bar the jury found the defendant guilty of the crime of embezzlement, the verdict did not fix the punishment as required by §9-1819, Burns' 1956 Replacement, *supra*; hence the verdict could only be construed as giving the trial court legal jurisdiction to impose on appellee only the minimum sentence of two years, plus $1.00 fine and the costs of the action. At the time this cause was tried the two statutes previously mentioned, §10-1704 and §9-1819 Burns', *supra,* were in full force and effect and must be construed together. When the trial court imposed on appellee a sentence of fifteen [15] years and a fine of $1,000.00, the excess of thirteen [13] years imprisonment and the fine in the excess sum of $999.00, was beyond the jurisdiction of the court under the verdict to impose, and was in direct contraven-

tion of the statute. Thus, the judgment of the court did not conform to the verdict of the jury nor the statutes of the State of Indiana, and that portion of the trial court's sentence which exceeds the minimum sentence of two years and the minimum fine of $1.00 is completely void. The validity of the judgment extends only to that portion of the sentence provided by law, *i.e.*, two years and $1.00 fine plus costs, everything in excess thereof is illegal, absolutely void, beyond the jurisdiction of the court, and may be attacked and vacated by means and way of the constitutionally guaranteed right to a writ of habeas corpus. *United States* v. *Lynch* (1947), 7 Cir. 159 F. 2d 198; *Shoemaker* v. *Dowd, Warden* (1953), 232 Ind. 602, 115 N. E. 2d 443; *Hunnicutt* v. *Frauhiger* (1927), 199 Ind. 501, 158 N. E. 572; 15 I.L.E., Habeas Corpus, §15, Excessive Sentence; 29 C.J.S., Habeas Corpus, §26 (3).

The attempted application of the theory enunciated in Dowd, Warden v. Todd (1962), 243 Ind. 232, *supra*, to the case at bar is inappropriate, unlawful, inapplicable and amounts to a prostitution of the principles of jurisprudence. I point out that I dissented in *Dowd, Warden* v. *Todd, supra,* and subsequent events have served only to confirm my belief that the majority opinion in the Dowd case was bad law, and that the judgment there appealed from should have been affirmed. In *Dowd, Warden,* v. *Todd, supra,* the central issue was the determination that a lesser crime was included in one of greater magnitude. That question is not involved in the case at bar, hence the *Dowd* case lends no support to the majority opinion. The finding and verdict of the jury could lead to only one judgment, in the instant case, under the indeterminate sentence statutes of Indiana. Assuming arguendo that at the time of the rendition of the judgment of conviction

that the judgment could have been corrected by resort to Rule 2-40B, the corrected judgment would under the statute, have been limited to two years imprisonment, the imposition of a fine of $1.00 and costs, for the jury did not by its verdict specify the term of incarceration or the amount of the fine. That part of the judgment in excess of two years imprisonment and $1.00 fine and costs is invalid and void, and being so the remedy is by resort to the constitutionally guaranteed right to a writ of habeas corpus.

Appellant has waived the second specification or ground of his motion for new trial, namely that, "[t]he finding of the trial court is contrary to law.", and has stated in its brief, ". . . the judgment of the trial court is not assailed as being contrary to law in the instant appeal, . . . ." The effect of such waiver and statement is tantamount to the appellant confessing that the findings of fact and judgment of the LaPorte Circuit Court is valid in every respect and is an admission of the accuracy and validity of the judgment of the LaPorte Circuit Court in ordering the appellee released from custody. Further, by its waiver of such specification of its motion for a new trial appellant has removed all questions of law concerning the validity of the judgment of the LaPorte Circuit Court from consideration in this appeal and the cornerstone of the majority opinion, that of the applicability of *Dowd, Warden* v. *Todd* (1962), 243 Ind. 232, 184 N. E. 2d 4, from consideration in this appeal. 2 I.L.E. Appeals, §423, Compliance or Acceptance of Benefits; *Arnold* v. *Haberstock* (1937), 213 Ind. 98, 10 N. E. 2d 591, 11 N. E. 2d 682.

I agree with the statements in Judge Achor's separate opinion as contained in the first six paragraphs of such separate opinion. A defendant's right

to a writ of habeas corpus remains unimpaired under the circumstances present in the case at bar.

Notwithstanding erroneous dicta and ill considered opinions to the contrary, the statutes and the constitution of the State of Indiana require the State to prove every element of crime charged beyond a reasonable doubt and the defendant is not required at any time to take any affirmative action to protect and preserve his constitutional rights. There is no statutory or constitutional requirement that a defendant has a duty to object at the time of its rendition to a defective, prejudicial, erroneous or void judgment. He may with equanimity and safety stand mute and thereafter at such time as he chooses seek his proper remedy, and the denial or attempted denial of such right constitutes a violation of his constitutional rights under both the State and Federal Constitutions, and in addition thereto constitutes a violation of his civil rights under: Constitution of the United States, Amendments 5, 14; Constitution of Indiana, Art. 1, §21; Malloy v. Hogan (1964), 378 U. S. 1; Griffin v. California (1965) 380 U. S. 609, 85 S. Ct. 1229 (foot note 5).

The majority opinion in the concluding two or three pages leans heavily and relies greatly on the alleged agreement of the appellee and the prosecuting attorney to accept the judgment of the Allen Circuit Court as an estoppel of his right to the remedy of habeas corpus.

We point out that the so-called agreement on which the majority relies was not and is not a part of the record before us on appeal. Even if the so-called agreement were a part of the record, resort thereto shows appellee signed such agreement and ". . . said *sentence of this court accepted as by law provided."* [Emphasis supplied.] The appellee, Arnold Hobbs,

accepted the jurisdiction of the court to levy a sentence as provided by law. He has served that sentence and more and has fully complied with the agreement. All of the sentence greater than the minimum of two years and a fine greater than $1.00 and the costs of the action is void, and with it any extra legal provisions contained in the alleged or purported agreement. We further point out that reference to such agreement, much less reliance thereon by the majority of the court, is in derogation, denial and defiance of its own rule which does not permit questions to be raised for the first time on appeal, and the appellant raised the issue of the alleged agreement for the first time in oral argument before this court on the 6th day of May, 1965. *Norton* v. *State* (1964), 245 Ind. 201, 197 N. E. 2d 297; *Tait* v. *State* (1963), 244 Ind. 35, 188 N. E. 2d 537; *McKay* v. *Carstens* (1952), 231 Ind. 252, 108 N. E. 2d 249.

A habeas corpus proceeding being a civil action and this action being an appeal from a judgment of the LaPorte Circuit Court granting appellee a writ and his discharge the foot note one (being a reference to Acts 1947, ch. 189, §3, p. 625, §9-3303 Burns' 1956 Replacement) of the majority opinion is not applicable to the case at bar as it applies to criminal actions and to specified special remedies not including habeas corpus.

The attempted casual dismissal of *Witte* v. *Dowd, Warden* (1952), 230 Ind. 485, 102 N. E. 2d 630, as dicta by the majority seeks to avoid the applicability of the well settled law so well set forth in that opinion. Although the restatement of the law on habeas corpus in *Witte* v. *Dowd, Warden, supra,* did not force the release of Witte, it did once and for all state clearly that where the jurisdiction of the court is questioned and with it the capacity to render a valid judgment,

this court on appeal can look behind the judgment to the record to determine the nub of the question, jurisdiction. *Miller* v. *Snyder* (1854), 6 Ind. 1; *Smith* v. *Clausmeier* (1893), 136 Ind. 105, 35 N. E. 904.

The attempt of this court to interpose a rule of court in a case where the question of a void judgment is raised merely by avoiding the use of the word "void" is in violation of Art. 1, §27, of the Indiana Constitution.

Ultimately, as in all endeavors, we come to the conclusion of the discussion of a case on the merits. That point has now been reached as we have herein heretofore point by point discussed and disposed of the points touched on in the majority opinion. I now point out that in actuality there is no appeal before this court in the case at bar. Why? The answer is simple, clear and concise. Appellant has waived specification two of his motion for new trial, in writing in its brief, and further therein makes this statement at page 44 of its brief, "VI . . . the judgment of the trial court is not assailed by the appellant as being contrary to law in the instant appeal . . .", and again on page 44 of its brief it says, "VII. The sole error relied upon by Appellant in this appeal is that the trial court erred in overruling Appellant's Motion to Quash the Appellee's Writ of Habeas Corpus." Appellant by its waiver and abandonment of its second specification of its motion for new trial recognized by its statement". . . the judgment of the trial court is not assailed . . ." and thereby acknowledges the validity and the correctness thereof. Hence, if the action of the trial court in overruling the motion to quash was erroneous, the judgment of the trial court would of necessity be "contrary to law." Appellant cannot, after its waiver and its admission thereby that the judgment of the LaPorte Circuit Court is

in all respects valid, proper and binding on all parties to that action, now sneak in the back door and collaterally attack such judgment by asserting one of the processes by which the judgment was reached was erroneous. The ruling on the motion was merged in the judgment as previously pointed out, consequently in fact as well as in law, the legal effect of appellant's admission as to validity of the judgment took out with such admission the first specification of the motion for new trial, "[t]he Court erred in overruling the Respondent's Motion to Quash," and its sole Assignment of Error that [t]he Court erred in overruling Appellant's Motion For A New Trial", consequently there is here no valid appeal and the judgment of the LaPorte Circuit Court must stand uncontroverted and unchallenged in complete validity, integrity and with full force and effect. *Arnold* v. *Haberstock* (1937), 213 Ind. 98, 10 N. E. 2d 591, *Poffinbarger* v. *Sumner* (1917), 186 Ind. 597, 117 N. E. 646.

The judgment of the LaPorte Circuit Court should be affirmed.

NOTE.—Reported in 206 N. E. 2d 182.