IN RE MCVAY.

[No. 0-794. Filed March 15, 1966.]

J. D. McVay, pro se.

Robert S. Baker, Public Defender of Indiana.

ARTERBURN, J.—J. D. McVay has filed a petition herein, stating that he pleaded guilty to simple robbery on the 24th day of November, 1964, in the Fayette Circuit Court on the advice of an attorney when there was a charge of armed robbery pending against him, and that therefore the trial court was without jurisdiction to entertain his plea of guilty. (Burns' § 9-908) He claims his attorney was incompetent.

He asks that the Public Defender be cited to show cause why he will not aid him in a post-conviction remedy. We thereupon cited the Public Defender to show cause and he has thereupon filed a response, including a statement and letter of the attorney who represented the petitioner.

The attorney states that in his conduct of the petitioner's defense he made an investigation and found that the peti-

tioner, with three other men, were apprehended shortly after the robbery, not more than half an hour, by the Indiana State Police and that they had in their car money and property of the Standard Food Store which had been robbed. He also, in a discussion with the petitioner, found out he had a long criminal record and he advised him that a plea of guilty to armed robbery would, in his opinion, result in considerably more than the minimum sentence of ten years; that the penalty for such a crime was a determinate sentence up to twenty years. He explained that simple robbery had a sentence for an indeterminate period of ten to twenty-five years. His counsel stated that he never urged him to plead guilty but, in fact, repeatedly offered to represent him in court in a trial.

After some discussion petitioner asked the attorney to see if the prosecuting attorney would file the lesser included offense of simple robbery and that he would plead guilty to such a charge, which provided for an indeterminate sentence. The attorney consulted with the prosecuting attorney and he filed the second charge of simple robbery while the other charge of armed robbery was still pending. The petitioner, well knowing all of those facts, voluntarily pleaded guilty to the lesser offense.

The attorney further stated that he was a former prosecuting attorney of this state for five years and that at the time he had practiced law eighteen years and was a member of the bar of this state. We find that the attorney was entirely competent and that the petitioner herein has not stated the truth in all particulars.

We further state that under the law of this state, where a defendant accepts the benefit of an agreement where he is to plead guilty to a lesser offense in order not to be prosecuted for a greater offense, he is estopped thereafter to question such judgment resulting from such a plea. See *Lane* v. *Hobbs* (1965), 246 Ind. 640, 208 N. E. 2d 182.

The petition is denied.

Myers, C. J. and Rakestraw, J., concur. Jackson, J., concurs in result. Achor, J., not participating.

NOTE.—Reported in 214 N. E. 2d 798.