## UNITED STATES v. LYNCH.
### No. 9195.

Circuit Court of Appeals, Seventh Circuit.
Jan. 27, 1947.

Louis Allen Lynch, in pro. per.

B. Howard Caughran, U. S. Atty., and Maurice W. Graston, Asst. U. S. Atty., both of Indianapolis, Ind., for appellee.

Before MAJOR and MINTON, Circuit Judges, and LINDLEY, District Judge.

MINTON, Circuit Judge.

On June 24, 1943 the defendant-appellant was sentenced to a term of seven years on his plea of guilty to two counts in an indictment which charged him first, with breaking into a post office with intent to commit larceny, and secondly, the larceny of money and stamps. The statutes under which he was sentenced authorized a maximum term of five years on each count.[1]

On May 13, 1946 the appellant filed a motion to correct the judgment, which motion was denied by the court on August 14, 1946. From this denial, the appellant appeals.

The motion is not predicated on the proposition that the judgment was void in toto. It is the appellant's contention that the court could sentence him only to a term not in excess of five years and that the sentence of seven years was excessive by two years, and he therefore asks that the judgment of the trial court be corrected because of this alleged illegality.

■ A sentence entered for a term in excess of that authorized by the statute under which guilt was found is not void in its entirety but is void only as to the excess. Kitt v. United States, 4 Cir., 138 F.2d 842, 843; Dimenza v. Johnston, Warden, 9 Cir., 131 F.2d 47; Spirou v. United States, 2 Cir., 24 F.2d 796, 797.

■ If a judgment is believed to be void in whole or in part, what is the remedy? The remedy seems to be very direct. At least since Holiday v. Johnston, 313 U. S. 342, 349, 61 S.Ct. 1015, 85 L.Ed. 1392, it has been held that if a sentence is void in whole or in part, the remedy of the defendant, although the term at which the sentence was entered may have long since expired, is to apply to the trial court for vacation of the sentence and for proper resentence in accordance with the statute under which he was adjudged guilty. Roscoe v. Hunter, Warden, 10 Cir., 144 F.2d 91; Carrollo v. United States, 8 Cir., 141 F.2d 997; Bozel v. United States, 6 Cir., 139 F.2d 153, 157; Lockhart v. United States, 6 Cir., 136 F.2d 122, 124.

The question on the merits in this cause is: Was the sentence in question void in whole or in part, or was it even illegal?

■ In our opinion, the sentence in this cause was not only not void in its entirety nor in any part, but it was not even illegal. The appellant contends that the sentence was illegal, as we have indicated, because the statutes authorized a sentence of five years on each of the two counts, but the sentence as pronounced calls for a total term of seven years upon the charges in the indictment.

The appellant had pleaded guilty to both counts. Since the court might have sentenced him to five years on each count, the sentences to run consecutively to constitute a total of ten years, or have sentenced him to any other period of time not to exceed five years on each count, the court's total or gross sentence was not in excess of that authorized by the statute.

[1] 18 U.S.C.A. §§ 315, 100.

In McKee v. Johnston, Warden, 9 Cir., 109 F.2d 273, 275, the court said:

"It is well settled that a general or gross sentence may be imposed under an indictment containing several counts, provided the sentence does not exceed the aggregate which could have been imposed had sentence been pronounced severally on each count."

See also Reed v. United States, 5 Cir., 142 F.2d 435; Jones v. Hill, Warden, 3 Cir., 71 F.2d 932.

Since the sentence in this cause was not void nor illegal, the District Court did not err in denying the motion for correction.

The appellant next contends that it was prejudicial error for the District Court to rule upon his motion for correction of the sentence without the appellant being present in court. The court had appointed counsel to represent the appellant in connection with the proceedings on his motion, and counsel was present in court when the court acted thereon, although the appellant was not. The appellant was not required to be in court at that time. Barber v. United States, 4 Cir., 142 F.2d 805, 807; United States v. Lynch, 3 Cir., 132 F.2d 111, 113.

We find no error in the record, and the judgment of the District Court is affirmed.