**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Alexander J. WOYKOVSKY, Defendant-**
**Appellant.**

**No. 13456.**

United States Court of Appeals
Seventh Circuit.

Dec. 12, 1961.

**180**

Alexander J. Woykovsky, Leavenworth, Kan., for appellant.

James P. O'Brien, U. S. Atty., Chicago, Ill., John Peter Lulinski, S. John Templeton, Jr., Asst. U. S. Attys., Chicago, Ill., of counsel, for the United States.

Before HASTINGS, Chief Judge, KILEY and SWYGERT, Circuit Judges.

HASTINGS, Chief Judge.

Defendant (appellant) has moved under 28 U.S.C.A. § 2255 [1] for vacation of his sentence on the ground that this sentence was illegally imposed. The motion was denied by the district court on June 6, 1961. This appeal followed.

Defendant appears in this appeal *pro se* and was not personally present in court at the time this case was assigned for hearing. Without objection, we ordered the case taken on the record and briefs without oral argument.

The facts are undisputed and may be briefly stated.

On September 14, 1960, defendant pleaded guilty to a nine count indictment, 60 CR 404, returned in the Northern District of Illinois, charging six counts of mail theft violations of 18 U.S.C.A. § 1708 [2] and three counts of Treasury check forgery under 18 U.S.C.A. § 495. [3]

On October 3, 1960, defendant pleaded guilty under a Rule 20 transfer from the District of Connecticut to a two count information, 60 CR 437, pursuant to waiver of indictment executed and filed on September 1, 1960. This information charged a single count mail theft violation of 18 U.S.C.A. § 1708 and a single count Treasury check forgery under 18 U.S.C.A. § 495.

On the same date, October 3, 1960, defendant was sentenced by the district court to terms of twelve years each on the Chicago indictment and the Connecticut information. The sentences were to run concurrently.

On November 4, 1960, pursuant to a motion filed under Rule 35, Federal Rules of Criminal Procedure, Title 18 U.S.C.A., [4] on behalf of the defendant by his

[1] "§ 2255. Federal custody; remedies on motion attacking sentence
"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. * * *"

[2] "§ 1708. Theft or receipt of stolen mail matter generally
"Whoever steals * * * from or out of any * * * authorized depository for mail matter, * * * any letter, postal card, package, bag, or mail, * * *

"Shall be fined not more than $2,000 or imprisoned not more than five years, or both. As amended July 1, 1952, c. 535, 66 Stat. 314."

[3] "§ 495. Contracts, deeds, and powers of attorney
"Whoever falsely makes, alters, forges, or counterfeits any deed, power of attorney, order, certificate, receipt, contract, or other writing, for the purpose of obtaining or receiving, * * * from the United States or any officers or agents thereof, any sum of money; * * *
"Shall be fined not more than $1,000 or imprisoned not more than ten years, or both. June 25, 1948, c. 645, 62 Stat. 711."

[4] "Rule 35. Correction or Reduction of Sentence
"The court may correct an illegal sentence at any time. The court may reduce

court appointed counsel, the court reduced the defendant's sentence on both the Chicago indictment and the Connecticut information to a total of eight years. This reduction was accomplished by imposing concurrent terms of five years on each of the nine counts of the Chicago indictment; concurrent terms of three years on each of the two counts of the Connecticut information; and further providing that the net five year term on the Chicago indictment and the net three year term on the Connecticut information run consecutively with each other to achieve a total sentence of eight years.

By his motion under 28 U.S.C.A. § 2255, defendant challenges the propriety of the imposition of his sentence on October 3, 1960 and the subsequent reduction under Rule 35, F.R.Cr.P., on November 4, 1960. As to the initial sentencing, it is his contention that the general concurrent sentence of 12 years on the Connecticut information and the Chicago indictment exceeded by 2 years the maximum general sentence that could have been imposed on either the information or indictment. As to the reduction on November 4, 1960, it is his contention that the trial court exceeded its authority under Rule 35, F.R.Cr.P. by changing his sentence from concurrent terms to consecutive terms. In accord with his argument that the reduction of his sentence was a change, defendant contends that Rule 43, F.R.Cr.P.[5] required his presence at this "re-sentencing." Defendant's final contention is that he was prejudiced by conduct of the Assistant United States Attorney or the trial judge and that he was not adequately represented by counsel.

The first issue presented is whether the trial court erred in imposing the sentence of October 3, 1960.

■ There is no merit in defendant's contention that a general sentence under an indictment containing more than one count may not exceed the maximum sentence that may be imposed on a single count. In United States v. Lynch, 7 Cir., 159 F.2d 198 (1947), the defendant received a general sentence of 7 years on his plea of guilty to two counts of an indictment. The maximum sentence that could have been imposed was 5 years on each count for a total of 10 years. The defendant in Lynch made the same argument as the defendant here, and the court held that "a general or gross sentence may be imposed under an indictment containing several counts, provided the sentence does not exceed the aggregate which could have been imposed had sentence been pronounced severally on each count." Id. at 200.

Defendant cites many cases in support of his contention that his 12 year concurrent sentence is improper. All but one stand for the proposition that a sentence which does not exceed that which could have been given on one good count is valid, if the indictment contains one good count. This proposition, while true, does not make defendant's sentence of October 3, 1960, invalid, nor does it conflict with the holding of the Lynch case. The one case cited by defendant which is applicable to the situation before us supports our conclusion that the sentence was proper. McDowell v. Swope, 9 Cir., 183 F.2d 856 (1950).

The maximum penalty for a violation of 18 U.S.C.A. § 1708 is five years and/or $2,000.00. The maximum penalty for violation of 18 U.S.C.A. § 495 is ten years and/or $1,000.00. The defendant, thus, might have been sentenced for a total of sixty years on the nine count Chicago indictment and fifteen years on the two count Connecticut information, totaling seventy-five years.

■ We hold that the twelve year concurrent sentence imposed on defendant

a sentence within 60 days after the sentence is imposed * * *."

5. "Rule 43. Presence of the Defendant
  "The defendant shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these rules. * * * The defendant's presence is not required at a reduction of sentence under Rule 35."

was proper, for it was clearly within the maximum permitted on each set of charges.

■ The next issue presented is whether the trial court erred when it reduced defendant's sentence by changing concurrent terms to consecutive terms.

Under Rule 35, F.R.Cr.P., a court may reduce a sentence within 60 days after the sentence is imposed. Pursuant to motion timely filed by defendant's counsel, that is exactly what happened here. There is no question but that defendant's sentence was reduced from a total of 12 years to a total of eight years. The fact that this was accomplished by changing concurrent terms to consecutive terms is of no consequence.

The cases cited by defendant are inapposite. They involve either instances where sentences were sought to be increased after service of sentence had begun or the judgment had been affirmed,[6] or instances where reductions were sought beyond the period in which the trial court could legally do so.[7] There are statements in these cases to the effect that a court may not "change" a sentence after it has been partially served, but these statements were made with respect to improper reductions or increases. None of the cases cited present the situation before us.

We hold that the trial court did not err when it reduced defendant's sentence by changing concurrent terms to consecutive terms.

■ The conclusion reached by us that the reduction was proper is dispositive of defendant's contention that Rule 43, F.R. Cr.P. required his presence at his "re-sentencing." There was no "re-sentenc-ing" but a reduction of sentence. See United States v. Lynch, supra, 159 F.2d at 200.

■ The final questions presented are whether defendant was prejudiced by conduct of either the Assistant United States Attorney or the trial judge and whether he was adequately represented by counsel.

The basis of defendant's contention of prejudicial conduct is that the Assistant United States Attorney misled the court as to defendant's past prison record. There is no merit in this contention. Defendant's past record may have been presented to the court in a confused manner, but the record clearly shows that the trial judge understood correctly that defendant's prior major sentence for Federal check violations had been eight years.

■ It is difficult to understand how defendant can complain of his counsel. The record shows that counsel was well acquainted with every aspect of defendant's case, that he argued vigorously at the sentencing and that he filed a Rule 35, F.R.Cr.P. motion under which he successfully persuaded the trial court to reduce defendant's sentence from 12 to 8 years. It cannot be said that this kind of representation falls short of defendant's constitutional guarantees.

We hold that defendant was not prejudiced either by the Assistant United States Attorney or by the trial judge and that he was adequately represented by counsel.

Finding no error in the record, the order of the district court denying defendant's motion for vacation of sentence is affirmed.

Affirmed.

6. Barnes v. United States, 5 Cir., 223 F.2d 891 (1955); Crowe v. United States, 6 Cir., 200 F.2d 526 (1952); Wilson v. Bell, 6 Cir., 137 F.2d 716 (1943).

7. Egan v. United States, 8 Cir., 268 F. 2d 820 (1959); United States v. Wright, D.C.E.D.Ill., 56 F.Supp. 489 (1944).