UNITED STATES of America,
Appellant,

v.

SUPERVISED ESTATE OF Arlo
BREIDENBAUGH, Jr.,
Appellee.

No. 19A01–0303–CV–79.

Court of Appeals of Indiana.

Aug. 29, 2003.

---

Susan W. Brooks, United States Attorney, Jeffrey L. Hunter, Assistant United States Attorney, Southern District of Indiana, Indianapolis, IN, Marion E.M. Erickson, Department of Justice, Washington, DC, Attorneys for Appellant.

Marilyn R. Ratliff, Evansville, IN, Attorney for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant United States of America, on behalf of the Internal Revenue Service, (collectively referred to as the "IRS") appeals the trial court's order disallowing a tax claim against the Supervised Estate of Arlo Breidenbaugh, Jr., ("Estate"). We reverse.

### Issue

The IRS raises three issues on appeal, which we consolidate and restate as whether the trial court erred by disallowing the IRS's tax claim as being time-barred under both state and federal statutes of limitations.

### Facts and Procedural History

The parties have stipulated to the following relevant facts. On May 20, 1991, the IRS assessed a tax liability against Arlo Breidenbaugh, Jr., ("Breidenbaugh") in the amount of $213,093.05. Breidenbaugh died on April 30, 1999. On May 17, 1999, Breidenbaugh's widow and eldest son were appointed as co-personal representatives of the Estate and were authorized to proceed under supervised administration. On July 6, 1999, the co-personal representatives notified the IRS of Breidenbaugh's death. On January 27, 2000, the Estate filed its federal estate tax return wherein it claimed a total gross estate of $3,311,494.00. Included in the gross estate were $560,400.00 in real estate, which Breidenbaugh and his wife held as tenants by the entirety, and $577,654.00 in personal property, which Breidenbaugh and his wife held as joint tenants with rights of survivorship, for a total of $1,138,054.00. Subsequently, the IRS notified the Estate that it accepted the federal tax return as filed.

On November 2, 2000, the trial court granted the Estate's Petition for Partial Distribution and, as a result, a total of $350,000.00 was distributed to Breidenbaugh's adult children. On December 4, 2000, the IRS filed a Proof of Claim ("Claim"), seeking to collect the civil penalty assessed against Breidenbaugh on May 20, 1991, in the total amount of $389,158.23, including interest. In response and pursuant to Indiana Code Section 29–1–14–10, the trial court issued to the IRS a Notice to Creditor of Claim Status ("Claim Status Notice"), providing that the IRS's claim was "neither allowed nor disallowed within five (5) months and fifteen days by the personal representative." Appellant's App. at 40. The Claim Status Notice further informed the IRS that: "All claims that are … neither allowed nor disallowed within five (5) months and fifteen (15) days, shall be set for trial in the probate court *upon the petition of either party to the claim.*" *Id.* (emphasis in original.)

On April 23, 2002, the Estate filed an Objection to the IRS's claim, alleging that the claim was time-barred because: (1) the IRS failed to file the claim within one year of Breidenbaugh's death, as required by Indiana law; (2) the IRS failed to file the claim within ten years of the original tax assessment, as required by 26 U.S.C. § 6502(a); and (3) the ten-year period was

not suspended pursuant to 26 U.S.C. § 6503(b) because the trial court did not control a substantial amount of Breidenbaugh's assets. In response, the IRS filed a motion to dismiss the Estate's objection for lack of subject matter jurisdiction or, in the alternative, a motion for summary judgment, wherein it countered each of the Estate's assertions.

On June 10, 2003, the trial court issued its Findings of Fact and Conclusions of Law, disallowing the IRS's claim as untimely filed. In particular, the trial court found that the IRS's Claim was time-barred pursuant to Indiana Code Section 29–1–7–7(e) because the IRS failed to file it within one year of Breidenbaugh's death. In the alternative, the trial court determined that the IRS's claim was time-barred because it was not filed within ten years of the date of the tax assessment, as required by 26 U.S.C. § 6502(a). Further, the trial court concluded that the requisite ten-year period was not suspended by operation of 26 U.S.C. § 6503(b) because the trial court did not control or maintain custody of all or substantially all of Breidenbaugh's assets. It is from this judgment that the IRS now appeals.

## Discussion and Decision

### I. Standard of Review

The standard of appellate review of a trial court's grant or denial of a motion to dismiss pursuant to Indiana Trial Rule 12(B)(1) is a function of what occurred in the trial court. *GKN Co. v. Magness*, 744 N.E.2d 397, 401 (Ind.2001). As such, the standard of review is dependent upon: (1) whether the trial court resolved disputed facts; and (2) if the trial court resolved disputed facts, whether it conducted an evidentiary hearing or ruled on a "paper record." *Id.* If the facts before the trial court are not in dispute, then the question of subject matter jurisdiction is purely one of law and no deference is afforded to the trial court's conclusion. *Id.* The standard of review is de novo. *Id.* Accordingly, because the IRS and the Estate have stipulated to the relevant facts, we review the trial court's judgment de novo.

### II. Analysis

The IRS argues that the trial court's order disallowing the Claim was erroneous for the following reasons. First, the IRS contends that the trial court erred by disallowing the Claim because the United States is not bound by Indiana's statute of limitations on estate claims. Alternatively, the IRS maintains that even if the state statute at issue, i.e., Indiana Code Section 29–1–7–7(e),[1] is applicable to the Claim, the Claim is timely because the United

---

1. Ind.Code § 29–1–7–7, which was in effect at the time of this case provided, in relevant part:

   (d) The personal representative or the personal representative's agent shall serve notice on each creditor of the decedent:
   (1) whose name is not set forth in the petition for probate or letters under subsection (c);
   (2) who is known or reasonably ascertainable within three (3) months after the first publication of notice under subsection (a); and
   (3) whose claim has not been paid or settled by the personal representative.

   The notice may be served by mail or any other means reasonably calculated to ensure actual receipt of the notice by a creditor.
   (e) Notice under subsection (d) shall be served within three (3) months after the first publication of notice under subsection (a) or as soon as possible after the elapse of three (3) months. If the personal representative or the personal representative's agent fails to give notice to a known or reasonably ascertainable creditor of the decedent under subsection (d) within three (3) months after the first publication of notice under subsection

States is exempt from the statute.[2] Second, the IRS asserts that the trial court's order disallowing the Claim was erroneous because the Claim was filed within ten years of the original assessment, as required by 26 U.S.C. § 6502. Lastly, and as an alternative to its second argument, the IRS attacks the appropriateness of the trial court's order disallowing the Claim because the ten-year statute of limitations was suspended pursuant to 26 U.S.C. § 6503(b). We address each of these arguments separately.

### A. Application of Indiana Code § 29–1–7–7(e)

First, the IRS contends that the trial court erred by applying Indiana Code § 29–1–7–7(e), which imposes a one-year statute of limitations on claims made against an estate, to disallow its Claim. Here, the trial court disallowed the Claim, in pertinent part, because the IRS "failed to file [the Claim] within the deadline imposed by I.C. 29–1–7–7(e) and therefore, the [Claim] is barred." Appellant's App. at 7. The IRS does not dispute that, approximately seventeen months after receiving notification of Breidenbaugh's death, it filed the Claim seeking to collect the civil penalty that had been assessed

against Breidenbaugh on May 20, 1991, in the total amount of $389,158.23, including interest. However, the IRS argues that the one-year statute of limitations imposed by Indiana Code Section 29–1–7–7(e) is inapplicable to the Claim because the United States is not bound by state statutes of limitations. We agree.

It is well settled that, regardless of whether the claim is filed in a federal or a state court, the United States is not bound by state statutes of limitations in enforcing its rights. *See United States v. Summerlin*, 310 U.S. 414, 416, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940). In *Summerlin*, the United States filed its claim against the estate of a deceased individual in a county court in the state of Florida, after the eight-month state-established period for filing such claims had expired. *Id.* at 415, 60 S.Ct. 1019. Relying upon the state statute, the trial court disallowed the late-filed claim. *Id.* The trial court reasoned that the United States was bound by the state statute at issue because the statute was not one of limitations, but rather was a nonclaim statute for the orderly and expeditious settlement of a decedent's estate. *Id.* at 417, 60 S.Ct. 1019. On appeal,

---

(a), the period during which the creditor may submit a claim against the estate includes the period specified under Ind. code 29–1–14–1 and an additional period ending two (2) months after the date notice is given to the creditor under subsection (d). *However, a claim filed under IC 29–1–14–1(a) more than one (1) year after the death of the decedent is barred.*

(Emphasis added.) This statute was amended in 2002. However, the amendment does not affect our analysis.

**2.** Indiana Code Section 29–1–14–1(a), which was in effect at the time of this case, provided:

Except as provided in IC 29–1–7–7, all claims against a decedent's estate, *other than expenses of administration and claims of the United States*, the state, or a subdivi-

sion of the state, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, shall be forever barred against the estate, the personal representative, the heirs, devisees, and legatees of the decedent, unless filed with the court in which such estate is being administered within:

(1) five (5) months after the date of the first published notice to creditors; or

(2) five (5) months after the court has revoked probate of a will, in accordance with IC 29–1–7–21, if the claimant was named as a beneficiary in that revoked will;

whichever is later.

(Emphasis added). Indiana Code Section 29–1–14–1 was amended in 2002; however, that amendment does not alter our analysis.

however, the United States Supreme Court held that the United States is not bound by the state statute of limitations. *Id.* The *Summerlin* court explained:

[I]f this were a statute merely determining the limits of the jurisdiction of a probate court and thus providing that the County Judge should have no jurisdiction to receive or pass upon claims not filed within the eight months, while leaving an opportunity to the United States otherwise to enforce its claim, the authority of the State to impose such a limitation upon its probate court might be conceded. But if the statute, as sustained by the state court, undertakes to invalidate the claim of the United States, so that it cannot be enforced at all, because not filed within eight months, we think the statute in that sense transgressed the limits of state power.

*Id.* Accordingly, the *Summerlin* court held that the state statute, which required claims to be filed within eight months, could not deprive the United States of its right to enforce its claim. *Id.* at 418, 60 S.Ct. 1019.

Seizing upon this language, the Estate argues that the trial court did not deprive the IRS of its right to enforce the Claim because it "did not preclude any other collection efforts that might be available to the IRS." Appellee's Br. at 10. Specifically, the Estate argues that the IRS may still collect on the Claim pursuant to Indiana Code Section 29–1–7.5–5. We disagree.

Indiana Code Section 29–1–7.5–5 provides, in part, that:

After assets of an estate have been distributed, and subject to section 7 of this chapter, an undischarged claim not barred may be prosecuted in a proceeding against one (1) or more distributees.

However, this statute, by its own unambiguous terms, does not aid the IRS in its collection efforts because Indiana Code Section 29–1–7–7(e), if applicable, would serve as a bar to the Claim.[3] Thus, because Indiana Code Section 29–1–7.5–5 only applies to undischarged claims that are not barred, the statute does not provide the IRS with an alternate means to enforce the Claim.

■ Here, we are confronted with a state statute that, if applicable, essentially deprives the IRS of enforcing the Claim against the Estate because such Claim was not filed within one year of notice.[4] As such, the trial court erred by applying Indiana Code Section 29–1–7–7(e) to disallow the IRS's claim. However, the trial court alternatively found that the IRS's Claim against the Estate was time-barred under the federal statute of limitations. Thus, to determine whether the trial court erroneously disallowed the IRS's Claim,

---

3. Alternatively, the IRS argues that even if the Claim is subject to Indiana Code Section 29–1–7–7(e), it is not time-barred because claims by the United States are exempted by Indiana Code Section 29–1–14–1 from the limitation period. *See supra* note 3. However, because we hold that the Indiana statute of limitations cannot divest the IRS of its right to enforce the Claim, we do not address the merits of this argument. Rather, for purposes of our analysis, we will assume arguendo that Indiana Code Section 29–1–7–7(e), if applicable, would bar the Claim.

4. For purposes of our analysis here, it is immaterial that Indiana Code Section 29–1–7–7(e) is a nonclaim statute. *See Estate of Decker v. Farm Credit Serv. of Mid–Am., ACA,* 684 N.E.2d 1137, 1139 (Ind.1997) (holding that Indiana Code Section 29–1–7–7(e), which required claims to be filed against the estate within one year of decedent's death was nonclaim statute, not statute of limitations); *see also Summerlin,* 310 U.S. at 417, 60 S.Ct. 1019 (holding that a nonclaim statute, which effectively deprived the United States of its right to enforce its claim, transgressed the limits of state power).

we must also analyze the appropriateness of the trial court's alternate finding.

### B. 26 U.S.C. § 6502(a)

Next, the IRS contends that the trial court erred by denying the Claim under 26 U.S.C. § 6502 because the Claim was filed within ten years of the original assessment and constituted the commencement of a proceeding in court. 26 U.S.C. § 6502(a) provides:

> Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—
>
> (1) within 10 years after the assessment of the tax ...
>
> If a timely proceeding in court for the collection of a tax is commenced, the period during which such tax may be collected by levy shall be extended and shall not expire until the liability for the tax (or a judgment against the taxpayer arising from such liability) is satisfied or becomes unenforceable.

Here, the undisputed evidence reveals that, on May 20, 1991, the IRS assessed a tax liability against Breidenbaugh, in the amount of $213,093.05. On December 4, 2000, the IRS filed the Claim, which sought to collect the civil penalty. In response to the Claim and pursuant to Indiana Code Section 29–1–14–10, the trial court issued to the IRS the Claim Status Notice, explaining that the IRS's claim was neither allowed nor disallowed by the Estate and, further, informing the IRS that: "All claims that are ... neither allowed nor disallowed within five (5) months and fifteen (15) days, shall be set for trial in the probate court *upon the petition of either party to the claim.*" Appellant's App. at 40 (emphasis in original.) No further action upon the Claim was taken until April 23, 2002.

Based upon these undisputed facts, the trial court determined that the Claim was time-barred pursuant to 26 U.S.C. § 6502(a). Implicit in the trial court's determination is the reasoning that the Claim, which was undeniably filed within ten years of the original tax assessment, did not commence a proceeding as required by 26 U.S.C. § 6502(a). Thus, the question before us is whether the filing of the Claim, by itself, was sufficient to commence a proceeding in court.

■ Whether the filing of a claim in a trial court constitutes a "proceeding in court," as contemplated by 26 U.S.C. § 6502(a), is a question of federal law. *United States v. Saxe*, 261 F.2d 316, 319 (1st Cir.1958). However, the answer to such "question depends upon the nature, function and effect of such a notice under [State] law." *Id.* Thus, we must examine Indiana law to determine whether the filing of the Claim commenced a proceeding in court.

The IRS argues that the mere filing of the Claim, with no further action, commenced a proceeding in court. As such, because the Claim was filed within ten years of the original assessment, the Claim was timely pursuant to 26 U.S.C. § 6502(a). To support this position, the IRS cites several federal circuit cases, wherein the filing of a claim was deemed to be the commencement of a judicial proceeding. *See, e.g., United States v. Feinberg*, 18 N.Y.2d 499, 506, 223 N.E.2d 780, 277 N.Y.S.2d 249 (1966) (analyzing New York law); *United States v. Ettelson*, 159 F.2d 193, 196 (7th Cir.1947) (interpreting Illinois probate law); *United States v. First Nat'l Bank*, 54 F.Supp. 351 (N.D.Ohio 1943) (reviewing Ohio law). However, we observe that none of these

cases interpret Indiana law. As previously mentioned, our review of whether the trial court erred by disallowing the IRS's Claim as time-barred pursuant to 26 U.S.C. § 6502(a) hinges upon whether the filing of a claim against an estate constitutes a proceeding in court under Indiana law.

Indiana Code Section 29–1–14–10, which governs claims made against an estate, provides, in relevant part:

> (a) On or before five (5) months and fifteen (15) days after the date of the first published notice to creditors, the personal representative shall allow or disallow each claim filed within five (5) months after the date of the first published notice to creditors by making appropriate notations on the margin of the claim and allowance docket showing the action taken as to the claim. If a personal representative determines that the personal representative should not allow a claim in full, the claim shall be noted "disallowed". The clerk of the court shall give written notice to a creditor if a claim has been disallowed in full or in part. *All claims that are disallowed, or are neither allowed nor disallowed within five (5) months and fifteen (15) days, shall be set for trial in the probate court upon the petition of either party to the claim.*

(Emphasis added.) Indiana Code Sections 29–1–14–1(a) and 29–1–14–10 unambiguously contemplate a procedure whereby the claimant places the Estate on notice by filing a claim against the estate with the clerk of the probate court. After receiving notification of the claim, the personal representative has a specified period of time to allow or disallow the claim. If a claim is disallowed, the claimant or the estate may petition the trial court to set the matter for trial.

■ Under this statutory procedure, the act of filing the claim not only places the estate on notice but also commences the proceeding in court. Indiana Trial Rule 3 provides, in relevant part: "A civil action is commenced by filing with the [trial court] a complaint *or such equivalent pleading or document as may be specified by statute ...*" (Emphasis added). In the context of Indiana Code Sections 29–1–14–1(a) and 29–1–14–10, the claim is the equivalent of a complaint under Indiana Trial Rule 3. Thus, when the IRS filed the Claim on December 4, 2000, it commenced a proceeding in court against the Estate. Because the IRS filed the Claim within ten years of the original assessment, the IRS's claim is not time-barred under 26 U.S.C. § 6502(a). Accordingly, the trial court erred by concluding that the Claim was barred pursuant to 26 U.S.C. § 6502(a).

Moreover, even assuming that the mere filing of the Claim did not commence a proceeding in court as required by 26 U.S.C. § 6502(a), the trial court's order disallowing the Claim was erroneous because the ten-year statute of limitations was suspended pursuant to 26 U.S.C. § 6503(b). 26 U.S.C. § 6503(b) provides, in pertinent part:

> The period of limitations on collections after assessment prescribed in section 6502 shall be suspended for the period the assets of the taxpayer are in the control and custody of the court in any proceeding before any court of the United States or of any State or of the District of Columbia, and for 6 months thereafter.

The Treasury Regulation promulgated under 26 U.S.C. § 6503(b) provides that the collection statute will be extended when "all or substantially all" of the taxpayer's assets are in the control and custody of the trial court. Treas. Reg. § 301.6503(b)–1.

The taxpayer at issue here was Breidenbaugh when he was alive and the Estate upon his death. Thus, in the present case, the "assets of the taxpayer," for purposes of 26 U.S.C. § 6503(b), refers to the assets of the Estate. The period of time during which the Estate was being probated comprises the period of time that the assets of the Estate were in the control and custody of the trial court. In particular, in this case, the personal representatives commenced an estate proceeding regarding Breidenbaugh's estate on May 17, 1999. At that time, all of the Estate's assets were subject to the control and custody of the trial court. All of the assets remained in the control and custody of the trial court until November 2, 2000, when the trial court distributed $350,000 to Breidenbaugh's adult children.

Subsequent to November 2, 2000, the IRS and the Estate disagree as to what percentage of the Estate's assets was in the control and custody of the trial court. However, even if the trial court did not control all or substantially all of the Estate's assets after November 2, 2000, under 26 U.S.C. § 6503(b), the ten-year statute of limitations was suspended for the period of time that the trial court controlled or maintained custody of the assets, i.e., May 17, 1999 to November 2, 2000. As a consequence, by operation of 26 U.S.C. § 6503(b), the ten-year statute of limitations (which would have expired on or about May 20, 2001) was suspended for approximately twenty-three months.[5]

### Conclusion

Indiana Code Section 29–1–7–7(e) is not applicable to the Claim because it precludes the IRS from exercising its right to enforce the assessment against Breidenbaugh's Estate. In addition, the Claim is not time-barred by the ten-year federal statute of limitations, pursuant to 26 U.S.C. § 6502(a), because the IRS timely filed the Claim, which commenced a proceeding in court. Moreover, even if the filing of the Claim did not commence a proceeding in court, the applicable ten-year statute of limitations was suspended for approximately seventeen months by operation of 26 U.S.C. § 6503(b), because the trial court controlled or retained custody of all of the Estate's assets for approximately seventeen months after Breidenbaugh's death. Accordingly, we reverse the trial court's order disallowing the Claim as untimely.

Reversed and remanded for proceedings consistent with this opinion.

BROOK, C.J., and NAJAM, J., concur.

---

**5.** The period of time between May 17, 1999 through November 2, 2000 was approximately seventeen months. However, 26 U.S.C. § 6503(b) adds an additional six months to that time period.